No. 35.—A. MAULDEN, plaintiff in error, *vs.* JOSEPH THOMAS *et al.* defendants.

[1.] Where a deed conveyed a negro to certain parties and added, "Provided, always, that this *deed of gift* shall be the right and property of J T, until M T arrives at the age of twenty-one years:" *Held*, that J T took no title to the property conveyed.

[2.] The laws of North Carolina, requiring deeds of gift to be *proven* and *registered* in one year, or else to be void : *Held*, that the *registration* of a deed is not sufficient proof of its *probate.*

Trover, in Habersham Superior Court. Tried before Judge JACKSON, April Term, 1850.

The facts of this case are as follows : On the 26th day of March, 1827, one Richard W. Roberts made a deed of gift in writing, in Rutherford County, N. C. to Joseph, Emily and Mary Thomas, of certain negro property. The deed contained the following proviso : " That this deed of gift shall be the right and property of Joseph Thomas, Sr. (the father of said Joseph, Emily and Mary) until the said Mary Thomas arrives at the age of twenty-one years, or at the death of the said Joseph Thomas, and Lydia, his wife."

Joseph Thomas, Sr. sold the negro named in the deed, and in 1847, (Mary Thomas having arrived at age in 1844,) Joseph Thomas and others, claiming under the above deed, commenced their suit against Maulden, to recover from his possession the negro named in the deed and her increase. The plaintiffs introduced the deed and produced an exemplification from the Register's office of Rutherford County, showing that the deed was registered, May 7, 1828. They produced no evidence that the deed had been proven according to the Laws of North Carolina, except an entry on the back of the deed.

The Court below held, that under the deed, Thomas, Sr. took an estate for years, with remainder to the others ; and the Court also held, that the registration of the deed, in North Carolina, was sufficient evidence of probate under the laws of that State.

To these decisions defendant excepted.

J. W. H. Underwood, Peeples, Overby and Dougherty, for plaintiff in error.

Hillyer, Cobb and Hull, for defendants.

*By the Court.*—Warner, J. delivering the opinion.

The two main questions involved in this case, and which, in our judgment, must control it are—

1st. The proper construction to be given to the deed of gift executed by Richard W. Roberts, under which the plaintiffs claim title.

2d. Whether the *registration* of the deed in the State of North Carolina afforded sufficient evidence, in the Courts of this State, of its *probate*, under the laws of that State, to constitute a valid transfer of the property.

[1.] Richard W. Roberts, the donor, by deed of gift, on the 26th March, 1827, in consideration of natural love and affection, conveyed to Joseph, Emily and Mary Thomas, children of Joseph Thomas, and Lydia, his wife, " one negro girl named Diana, about twelve years of age, to have and to hold and *enjoy* the said negro, unto the aforesaid Joseph, Emily and Mary Thomas, their executors, administrators and assigns, to the *only proper use and benefit of them and their assigns forever :* provided, always, that this *deed of gift* shall be the right and property of Joseph Thomas, Sr. until the said Mary Thomas shall have arrived at the age of twenty-one years, or at the decease of the above Joseph Thomas, and Lydia, his wife." The donor then covenanted to warrant the aforesaid negro girl and her increase, unto the said children forever. The deed of gift was attested by two subscribing witnesses—Adam Whisenhunt and K. L. McCuny. It is insisted, in affirmance of the judgment of the Court below, that according to a fair construction of the deed of gift, Joseph Thomas, Sr. took an estate for years, and the plaintiffs an estate in remainder, at the termination of the said estate for years. According to the view which we are constrained to take of this

deed of gift, after the most careful consideration of it, no interest whatever in the negro Diana, and her increase, was conveyed thereby to Joseph Thomas, Sr. If such was the intention of the donor, he has failed to employ sufficient *words* to declare clearly and legally his meaning. *2 Bl. Com.* 298. In the construction of deeds, the first rule is, that the intention of the parties is, if possible, to be supported; and the second rule is, that this intention is to be ascertained by the deed itself—that is, from all parts of it taken together—but omissions cannot be supplied from arbitrary conjecture, though founded on the highest degree of probability. *Dismukes vs. Wright,* 4 *Devereux & Battle's R.* 207.

There are no *words* in the deed which convey the negro to Joseph Thomas, Sr. but on the contrary, she is expressly conveyed to the children, Joseph, Emily and Mary Thomas, to their *only proper use and benefit, forever.* The plaintiffs base there claim to the property on the proviso in the deed: "Provided, always, that *this deed of gift* shall be the right and property of Joseph Thomas, Sr. until the said Mary Thomas shall have arrived at the age of twenty-one years, or at the decease of the above Joseph Thomas, and Lydia, his wife." We give effect to this part of the deed, by holding that it was the intention of the donor, that Joseph Thomas, Sr. should have the *custody* of the deed of gift, as the agent or next friend of the children, for their benefit, until Mary, the youngest child, should arrive at twenty-one years of age, or so long as the said Joseph Thomas, Sr. and his wife, Lydia, should live. This view of the question is strengthened by the facts disclosed upon the face of the record. Richard W. Roberts, the donor, was the half brother of the donees, (Joseph Thomas, Sr. having married his mother,) who were infants when the deed of gift was executed. Who so competent to have the custody and control of the deed, for the benefit of his infant children, as their father? Who so likely to preserve it, and deliver it to them when Mary, the youngest child, arrived at twenty-one years of age, as he? Besides, if it was the intention of the donor to have given an estate in the negro to Joseph Thomas, Sr. for his benefit and the benefit of his mother, as has

been argued at the bar, would he have deprived them of this benefit in their old age, when Mary should arrive at twenty-one years of age? If it was the intention of the donor to have conveyed an estate in the negro to Joseph Thomas, Sr. for the benefit of his mother, why was it conveyed to the step-father alone, without making any separate provision for his mother? If such had been the intention of the donor in executing the deed, it is but reasonable to presume, that his affection for his mother would have been equally as strong as that entertained by him for his step-father. No such intention as that contended for, can, in our judgment, be legitimately gathered from the instrument, or from any *extrinsic* circumstances disclosed by the record.

[2.] In regard to the second question—was there sufficient evidence, on the face of the deed of gift, to show that it had been proved, in accordance with the law of North Carolina, where it was executed? By the Statute Law of North Carolina, a deed of gift of a slave is not valid, " unless the writing by which the title to such slave is transferred, shall be *proved or acknowledged upon oath,* either before one of the Judges of the Supreme Court, or of the Superior Court, or in the *Court of the County,* and registered in the office of the public Register of the County where the donee resides, within one year after the execution thereof." See *the Act of* 1806, *Revised Statutes of North Carolina,* 230. There is *no probate on oath,* by either of the subscribing witnesses to the deed, apparent on the face of the record from North Carolina, or upon the original deed.

The deed was executed on the 26th day of March, 1827. On the back of the deed the following entries appear:

" STATE OF NORTH CAROLINA, &#125; *April Term,* 1828.
        Rutherford County.

The within deed was proved in open Court, by Adam Whisenhunt, Jr. recorded and ordered to be registered.

Certified by              J. CAVTON, Clerk."

To constitute this a valid deed, by the law of North Carolina, it should have been *proved,* or acknowledged *upon oath,* before a

Judge, or in the *Court of the County.* The certificate of the Clerk does not show that the deed was proved in the *County Court,* nor does it appear of *what Court* he was Clerk. Whether this certificate of the Clerk would be sufficient evidence of the *probate* of the deed, according to the *usage* and practice of the Courts in North Carolina, has not been made to appear; but according to the ruling of the Supreme Court of that State, in *McNeil vs. McNeil,* (2 *Dev. Law Rep.* 394,) we infer that it would not be held sufficient in that State. It has been urged, however, that inasmuch as the deed has been registered, the Court is bound to presume that it was duly proved in the County Court.

The Register of Rutherford County certifies, that the deed was duly entered in the public Register's office for said County, on the 7th day of May, 1828. The validity of the deed is made, by the Statute of North Carolina, to depend upon its *probate* before certain specified judicial officers, or in a particular Court. The mere registration of the deed does not, affirmatively, establish the fact of its *probate* in the particular Court required by the law, and such fact not appearing, the Statute, speaking like a tyrant, declares that the deed is *invalid,* and must be obeyed.

We express no opinion with regard to the Statute of Limitations, preferring to leave that an open question to be adjudicated by the Court below, in accordance with such a case as shall be made on the new trial of the cause, in conformity with the judgment which we now render, reversing the judgment of the Court below, on the grounds already stated.

Let the judgment of the Court below be reversed, and a new trial granted.