HOWARD MANUFACTURING COMPANY, plaintiff in error, *vs.* WATER-LOT COMPANY, of Columbus, defendant in error.

When a bill was filed to enforce the covenants contained in a written conveyance made by the Water-lot Company to the Howard Manufacturing Company which were claimed to run with the land, and the bill did not set forth the whole instrument, and no copy was attached as an exhibit, and a special demurrer was filed to it for this reason, and also a general demurrer for want of equity, which were overruled by the Court: *Held*, that the Court erred in overruling the special demurrer: *Held further*, that this Court will not put a construction on the covenants in the deed upon which important rights depend till the whole instrument is before it, so that it may all be construed together.

Equity pleading.     Covenants.     Before Judge JOHNSON. Muscogee Superior Court.     May Term, 1869.

The Water-lot Company of the city of Columbus by bill made the following case:     On the 13th of December, 1859, Van Leonard, a trustee of the Howard Manufacturing Company recovered a judgment against the Water-lot Company for $3,033 for damages, $23 35 for costs; on the 18th of September, 1867, *fi. fa.* was issued therefrom, which, on the 1st of December, 1868, was levied upon various water-lots in Columbus, as the property of said Water-lot Company Said lots ought not to be sold under said *fi. fa.* for the following reasons:     About the 9th of July, 1847, said Water-lot Company conveyed to said Van Leonard, as such trustee, water-lot No. 11, in said city, and among other covenants in

said deed, were these: that the building or buildings erected by said purchaser should be fire-proof outside and placed equi-distant from the north and south lines of said lot, that they should not exceed fifty feet in width, so as to leave an unoccupied and open space of ground of eleven feet between the walls of such buildings and the boundary line, and that said lot should be charged with one-nineteenth of the expense of repairing the dam across the river and the canal or reservoir. At the same time, by a sealed agreement between said parties, it was agreed that Van Leonard, as such trustee, should blast out the race or waste-way opposite to water-lots, Nos. 11 and 12, to the width of sixty feet, and as deep as said race or waste-way, opposite said lots, then was.

Neither Van Leonard nor said Howard Manufacturing Company kept any part of said covenants. Their buildings were not fire-proof outside, and were not equi-distant from said sides of said lot; and although the Water-lot Company expended, in 1866 and 1867, in such repairs, $57,979 46, (of which a bill of particulars is attached) neither Van Leonard nor said Howard Manufacturing Company will pay said nineteenth of said sum; and they did only a part of the blasting aforesaid and did not blast the race or waste-way as wide as they should have done, and it will cost $1,000 00 to remedy this. Said other breaches damaged complainant $1,000 00.

Van Leonard, long since died, no other trustee has been appointed, said Howard Manufacturing Company has no president, no directors, no officer of any kind, no place of business, no property, and has neither done any business nor had any meeting of stockholders since, say 1856, and has practically ceased to exist. Because of these facts it would irreparably injure complainant to have to pay said *fi. fa.*, when the plaintiff in *fi. fa.* is insolvent and owes complainant more than is due on said *fi. fa.* by reason of said premises.

In April, 1853, said No. 11, was sold at sheriffs' sale as the property of the Howard Manufacturing Company, under a *fi. fa.* in favor of one Mitchell against said Howard Manufacturing Company and other *fi. fas.*, and by agreement between

said plaintiffs in *fi. fas.* and said Howard Manufacturing Company and the purchaser of said lot it was sold subject to "incumbrances of mortgages and bonds," existing against said company and to no other incumbrances; that the amount of these incumbrances was equal to the value of said lot, and it was bid off at, say $3 00, and without notice of said covenant to pay one-nineteenth of the expenses of repairs. (Who bid it off is not shown.)

The prayer was for injunction against said *fi. fa.*, that it be set-off and paid by said counter-claims, and that complainant have a decree for the balance and general relief. Injunction was granted by Judge Worrill. Service was acknowledged by one Martin, and by the attorneys who sued out said *fi. fa.* They demurred to the bill for want of equity and because said deed and agreement were not set out or exhibited by said bill otherwise than as aforesaid. Judge Johnson overruled the demurrer, and that is assigned as error.

R. J. MOSES and WILLIAM DOUGHERTY, for plaintiff in error, said this was a covenant by a grantor, made at the time of conveying the estate, in regard to a thing *in esse*, appendant and appurtenant to the estate, and whereon the *burden* is inseparable from the benefit, and as such is binding on the assignee. 1 Resol Spencer case, 1 Smith's L. C., 31 ; Brewster vs. Ritchell, 5 and 12 Mad. R., 113 ; Barclay vs. Paine, 1 Sim. & Stuart, 449; Bedford vs. Br. Museum, 2 M. and K., 517 ; Savage vs. Mason, 3 Cush., 501 ; Moore vs. Aldrich, 19 Peck, 449 ; Hurd vs. Curtis, Id., 459 ; Norman vs. Wells, 17 Wend. 146-150; Vernon vs. Smith, 5 B. and A., 1; Platt on Covenants, 65-460; 3 Simon's, 238 ; Howland vs. Coffin, 9 Peck, 52; Hurst vs. Rodney, 1 Wash. C. C., 375 ; 7 Peters, 605 ; Hill vs. Miller, 3 Paige, 254; Watertown vs. Cowen, 4 Paige, 510 ; Plymouth vs. Conner, 16 Peck, 185 ; Taylor vs. Owen, 2 Black, 301. In a covenant running with the land the *terre-tenant* is primarily liable, and the grantee only secondarily. Webb vs. Jeggs, 7th E. C. L. R.; Randall vs. Rigby, 4 M. and W., 130 ; 2nd H. Beachf., 433. There is no equity in the bill, Greenwault vs. Davis, 4. Hill, 64.

Howard Manufacturing Company *vs.* Water-lot Company.

H. L. BENNING, for defendant, said no exhibits were necessary by our practice. Irw. Code, sec. 4116, 4147, 4148; Barton's Suit in Eq., 221, 202. The words of the deed make a covenant (he quoted words in his brief not in the bill). Seddon vs. Senate, 13 East, 63; Easterly vs. Sampson, 6 Burg., 644; Saltown vs. Houston, 1 Burg., 433; Duke of St. Albans vs. Ellis, 16 East, 354; Coate on Mort., 350; Yates vs. Acton, 45 E. C. L., 191; South Sea Co. vs. Duncombe, 2 Strange, Com. Dig., Mortgage (a); Story on B., sec. 315; Hancock vs. Hodgson, 4 Burg., 269. Mortgagee must first exhaust mortgagor's property, Cumming vs. Cumming, 3 Kelly (Ga. R.) 460. This covenant is on the *land*, Smith's L. C., note 38, 30, 31, 37, Marg.; Rawle on Cov., 341-2 and note; 2 M. and K., 517; Brown's Maxims, 254; Irw. Code, sec. 2715, p. 4; Platt on Cov., 141 M. There is equity in the bill, Irw. Code, secs. 2840, 2859, 3028, 2858, 2859, 3026, 3084; 21 Ga. R., 111; 2 Story's Eq., secs. 794, 799, 724, 1437, a; Water-lot Co. vs. Van Leonard, 30th Ga. R., 560.

BROWN, C. J.

No copy of the deed of conveyance containing the covenants between these parties is attached as an exhibit to this bill; and we are unable to say whether the substance of the whole instrument is set forth in the bill or not. To enable us to put a proper construction upon the covenants in dispute, it is necessary that we have the whole instrument before us, that we may construe each part with reference to every other. Important rights are involved, which we will not undertake to adjudicate upon the present pleadings.

We express no opinion upon the merits of the case, but reverse the judgment overruling the special demurrer, and send the case back with instruction, that a copy of the written conveyance be attached as an exhibit to the bill, and that another hearing be had in the Court below.

Judgment reversed.