## CLARKE *v.* HAVARD.

1. Where the only defense to a suit on a promissory note was that the loan for which it was given was usurious, in that the broker who negotiated the loan, and who charged commissions for his services out of the money loaned, was the agent of the lender, who knew of and acquiesced in that method of compensating the broker; and where the uncontradicted evidence showed that the broker was the agent of the borrower, and not of the lender, it was not erroneous to direct a verdict for the plaintiff for the full amount appearing to be due on the note.

2. Evidence that papers pertaining to a loan were sent to a given point, enclosed in a letter, is admissible without the necessity of introducing the letter itself, the contents of the letter not being in any way involved in the controversy, and no attempt being made to offer proof in regard thereto.

Submitted May 1, — Decided July 18, 1902.

Complaint. Before Judge Reid. City court of Atlanta. October 9, 1901.

*R. O. Lovett,* for plaintiff in error.
*Anderson, Anderson & Thomas,* contra.

Fish, J. This is the second time this case has been before us. On the first trial the judge of the court below directed a verdict for the plaintiff for the full amount sued for, and this court reversed the judgment. See *Clarke* v. *Huvard,* 111 *Ga.* 242, where the facts upon which the decision was founded are fully set forth. The case was tried a second time, and again the court directed a verdict for the plaintiff; and upon this ruling, as well as certain rulings of the court in regard to the admission of evidence, the case is now here for review.

1. It is clear that unless the evidence contained in the record now before us is different from that which was introduced on the first trial of the case, the judgment should again be reversed. We find, however, that the facts disclosed by this record make quite a different case from that in the 111 *Ga.* The grounds upon which the judgment of reversal was rendered when the case was formerly before this court were, that the evidence warranted a finding that Barnett was the agent of the Security Investment Co., for the purpose of making a loan to Manda A. Clarke; and also warranted a finding that the lender knew that Barnett was charging a commission for his services, and tacitly authorized the making of such a charge, thus rendering the loan obnoxious to the laws against usury. It appeared on that trial that the jury would have been authorized to find that Barnett kept on hand money belonging to the Security Investment Co., for the purpose of lending it out as satisfactory applications were made to him; that Barnett alone passed upon the applications submitted to him, and approved or disapproved the security offered him; that the lender must necessarily have known that Barnett received compensation for his services as a broker out of the amounts advanced to borrowers; and

that Barnett's testimony that he was not the agent of the lender was simply the statement of his conclusion from the facts given. It also appeared that the application for the loan, which in terms expressly made the broker the agent of the borrower, was dated seventeen days later than the day on which the note was signed; and in this connection Presiding Justice Lumpkin, in the opinion (p. 246), pertinently asks: "Could not the jury have found, and ought they not, in view of all the evidence, to have found that the contract embraced in the application was purely colorable?" On the second trial much that was before obscure or misleading was explained. It appears from the uncontradicted evidence that the original application for a loan was made to Barnett by the husband of the defendant. This was some time in January, 1896. Barnett testified: "There was an application made at the time he came in, a rough application. It was a statement taken down in pencil first, and then it is from that rough application that we prepared the application that is subsequently made, which is forwarded to the lender when we are asking him to accept it, to state whether or not he would accept the loan." Subsequently the witness prepared a typewritten application, which was signed by the defendant and forwarded to the Georgia Loan & Trust Co., of Macon. After the lapse of a few days the application was returned accepted, and with it a check for the amount of the loan and all the papers to be signed by the defendant. The note and security deed were signed on January 21, 1896, but the note, for convenience, was dated January 1, a rebate being allowed for the interest from January 1 to January 21. Beardsley, a member of the copartnership known as the Security Investment Co., swore: "I do not know Samuel Barnett of Atlanta, Ga., never saw him, and he is not connected with the Security Investment Co. He has no right to make loans for the Security Investment Co. without first submitting them for acceptance. He is not the agent for the Security Investment Co., and I do not know him. . . I had no knowledge as to what compensation, if any, was paid by Manda Clarke to Samuel Barnett for procuring the loan from the Security Investment Co. Samuel Barnett was not the agent of the Security Investment Co. in making the loan to Manda Clarke."

The evidence above outlined was not contradicted. Two results therefore follow. As to the agency of Barnett, the case falls within

the ruling in *Merck* v. *Mortgage Co.*, 79 *Ga.* 213, from which it was specially excepted in the opinion in 111 *Ga.*; and conceding that Barnett was the agent of the Security Investment Co. (the contrary of which we think was clearly shown), the case is then controlled by the ruling in the case of *McLean* v. *Camak*, 97 *Ga.* 804; for there is no evidence whatever to show on the part of the lender any connivance at, or even knowledge of, the alleged usurious charge for commission made by the intermediary.    We are therefore clearly of the opinion that the court below did not err in directing a verdict for the plaintiff for the full amount of principal and interest sued for.

2. There is nothing in the objection made by the defendant to the evidence of Barnett, that he placed the application for a loan in a letter and sent it to Macon, the objection being that the evidence was not competent without the letter.    It was not sought to prove, by parol or otherwise, the contents of the letter.    The fact that the letter was sent was incidental to the submitting of the application to the lender, and the evidence to that effect could certainly do no harm to the defendant.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*