6863, 6864. WILLIAMS *v.* FORMAN (two cases).

BROYLES, J. 1. The petition set forth a cause of action, and was not subject to any of the special grounds of the demurrer.

2. The court did not err in sustaining the demurrer to the plea in abatement, and in striking the plea.

3. It was not error to exclude from the evidence the four letters from the defendant in error to the plaintiff in error, which are set out on pages 22, 23, 28, and 29 respectively of the bill of exceptions, and which

relate to matters set up in the plea in abatement. The court, however, erred in excluding the other oral and documentary evidence the exclusion of which is complained of in the bill of exceptions, as this evidence was material and pertinent to the issues involved, and should have been permitted to go to the jury along with all the other evidence in the case.

4. The controlling issue of fact in this case is: Were Whipple & McKenzie (the intermediaries in the loan) the agents of the borrower, or were they the agents of the lender? This issue of fact, with the relevant and material evidence bearing thereupon which was offered by the defendant, should have been submitted to the jury, with appropriate instructions thereon, and the direction of a verdict for the plaintiff was error. *Judgment reversed.*

DECIDED MAY 18, 1916. REHEARING DENIED JULY 18, 1916.

Complaint; from city court of Thomasville—Judge W. H. Hammond. June 24, 1915.

On August 15, 1914, George M. Forman brought an action against James Williams for principal, interest, and attorney's fees on promissory notes, some of which were made payable on dates subsequent to the date on which the suit was filed. The petition alleges that the notes were given for a loan; that at the time of procuring the loan and executing the notes, and for the purpose of securing the payment of the notes, the defendant executed and delivered to the plaintiff a security deed which appears on record in the office of the clerk of Thomas superior court, in Book 3C, page 234, conveying to the plaintiff certain real estate (described in the petition); that in all of the principal notes it is agreed that "should any default be made by me in the payment of either interest coupons hereto annexed as stipulated, then the principal of this obligation, in the discretion of the holder, shall become due and payable at the date of such default, regardless of the date of maturity," and in the said security deed it is stipulated that "if default is made in the prompt payment of either one of the interest coupons or principal notes, or insurance premiums as stipulated, or shall fail to pay any taxes assessed against said property before the same becomes delinquent, then the debt hereby secured, principal, interest, attorney's fees, insurance premiums, and all other claims shall become due and payable at the option of said party of the second part;" that certain of the principal notes and of the notes for interest (described) matured and remain unpaid, "and by reason of such default in the payment of said principal and interest notes, petitioner has heretofore, in

accordance with the authority given in said principal note, as well as the deed to secure the payment of the same, declared the whole of said indebtedness due and payable;" that a stated amount (the entire unpaid principal) is due as principal, and stated sums as interest, with 10 per cent. thereon as attorney's fees (provided for in the notes) ; and that demand has been made on the defendant for the payment of said sums of money sued for, but defendant fails and refuses to pay the same. Service of the ten-days notice required by law, in order to recover attorney's fees, is alleged, and copies of notes referred to in the petition are exhibited; and it is prayed (*a*) that the plaintiff be given a verdict and judgment against the defendant for the amount of the indebtedness, including principal, interest and attorney's fees, and costs; (*b*) that said judgment be declared to be a general judgment against all of the property of the defendant, as well as against the property included in the said security deed; and (*c*) that process issue directed to the said defendant, etc.

The defendant demurred to the petition as follows: 1. All allegations and prayers by which the plaintiff seeks to recover on notes maturing on and after August 10, 1915, which notes are alleged to be due now solely because of default in the payment of other notes, should be stricken, because: (*a*) The suit as to said notes is prematurely brought, the said notes by their own terms being not yet due. (*b*) It nowhere appears that time was expressly made of the essence of the contract. (*c*) If the condition in the notes, quoted in the 4th paragraph, is sufficient to authorize the plaintiff to declare the entire debt due for default in the payment of the matured note, then, by the terms of said condition, the plaintiff could so declare only "at the date of such default," and it does not appear that the plaintiff so declared, or upon what particular date the plaintiff made the election. (*d*) If the court holds the language of the security deed, quoted in the 4th paragraph of the petition, sufficient to make time of the essence of the contract, or sufficient to authorize the plaintiff to declare unmatured notes due for default in the payment of matured notes, then, by the terms of said notes and by the alleged terms of the deed, and also by requirements of the law, the plaintiff should have promptly so declared upon the happening of the condition, if at all, and the date of such declaration should be specifically

set forth; and moreover, it not appearing that plaintiff acted promptly or within a reasonable time, or that he did not waive his option to declare the whole debt due, and this suit being filed more than twelve months after said option arose, said option now stands waived by plaintiff's acquiescence in said default, and by his lack of diligence and by operation of law. 2. Prayer "b" of the petition should be stricken, (1) because no copy of the alleged security deed is set forth; (2) because no such special judgment is authorized in a court without equity jurisdiction; and (3) because the alleged contract shows on its face that said deed is tainted with usury and void, there being no provision in said contract for writing off or remitting unearned interest upon declaring the whole debt due for default in paying a part, and plaintiff's voluntary action in this suit having no such effect upon the original contract. 3. The entire petition, and particularly prayer "c," should be stricken, (1) because no cause of action is set forth, and (2) because there is no prayer for process to be directed as required by law, the process prayed for being one directed to the defendant.

The defendant pleaded in abatement as follows: 1. Plaintiff's suit is for various amounts and upon various notes which will not become due until August 10, 1915, and on dates thereafter, except for plaintiff's alleged right to sue now for the entire debt because of defendant's default as to payment of that part of the alleged debt which has matured. 2. If plaintiff ever had the right to declare the whole debt due and sue therefor because of defendant's default as to payment of any part of it, the plaintiff has waived and renounced such right by reason of the following facts, to wit: (a) On August 16, 1913, defendant wrote to plaintiff for an extension of time on the amount then due. Plaintiff replied under date of August 19, 1913, saying: "Replying to your favor of the 16th inst., we are willing to let the installments due under the above loan run until October 1, 1913, but we must insist, however, on receiving your remittance on or before that date." (b) On November 24, 1913, defendant wrote plaintiff for leave to sell 50 acres of the land to which plaintiff holds the security deed, the price to be $1,000, and the proceeds to be paid to plaintiff. Plaintiff replied under date of December 3, 1913, reciting this request and saying: "We beg to say that we are willing to

release said fifty acres on payment to us for the full purchase-price, to be applied as above stated." This letter was a full and complete acceptance of the defendant's offer; and in pursuance of said supplemental contract defendant expended certain sums of money and lost several days of valuable time in an effort to make the sale contemplated by the said letters, and found a purchaser, and put him in possession, and he is yet in possession, but has not paid the agreed purchase-price of $1,000, for the reason that plaintiff has failed and refused to make him a satisfactory title to said 50 acres of land. (c) Since the second installment of said indebtedness became due the plaintiff has served no notice upon defendant, nor communicated with defendant in any way whatever, except by service by suit delivered to defendant by an officer of this court as shown by his entry on the petition. 3. For each and all of the foregoing reasons, the suit is prematurely brought, and should abate and be dismissed, so far as relates to notes due solely by virtue of defendant's default as to payment of either the first or the second installment or both.

There was also a plea of usury, in which, among other things, it was alleged: "In all the negotiations leading up to the said transaction the plaintiff was represented by his regular and duly authorized agent, to wit, T. B. McKenzie, Esq., who as such agent began the negotiation, and all services performed by him were performed for said George M. Forman, and not for the defendant; yet, as a part of said transaction, the plaintiff required the defendant to pay plaintiff's said agent for said services, out of the amount so apparently advanced by the plaintiff, the sum of $550.00, which sum was retained by the plaintiff and paid to the plaintiff's said agent, and was not in fact advanced to defendant."

C. E. Hay, for plaintiff in error, cited: On 1st ground of demurrer: Park's Annot. Code, § 4268 (8); Ellis v. Bryant, 120 Ga. 890 (1); Hollister v. Bluthenthal, 9 Ga. 176 (8); Bond v. Bank, 2 Ga. 92 (1); Warren v. Powell, 122 Ga. 4; Mandeville v. Dale, 2 Ga. App. 607 (3). As to 2d ground of demurrer: Civil Code, § 5541; Howard Mfg. Co. v. Water Lot Co., 53 Ga. 689 (3), 39 Ga. 574; East Atlanta Land Co. v. Mower, 138 Ga. 380 (2); Reed v. Equitable Trust Co., 115 Ga. 780 (2). On 3d ground of demurrer: Civil Code (1910), §§ 6510, 4518, 3276, 3256, 3306; Acts 1905, p. 383, sec. 2; Hecht v. Snook, 114 Ga. 921; Scott v. Hughes, 124

*Ga.* 1000 (2); *Lavette* v. *Brinsfield,* 111 *Ga.* 821; *Edenfield* v. *Bank,* 7 *Ga. App.* 645; *Clarke* v. *Havard,* 122 *Ga.* 274-5; *Mitchell* v. *Fullington,* 83 *Ga.* 301. On plea in abatement: *Jordan* v. *Rhodes,* 24 *Ga.* 478; *Hollister* v. *Bluthenthal,* 9.*Ga. App.* 176 (8); *Greene County Oil Co.* v. *McCaw Mfg. Co.,* 9 *Ga. App.* 39; *Provident Savings Assurance Soc.* v. *Georgia Industrial Co.,* 124 *Ga.* 399 (2); *Dickey* v. *Smith,* 127 *Ga.* 645; *Stewart* v. *Ellis,* 130 *Ga.* 685 (3). Usury: *McCall* v. *Herring,* 116 *Ga.* 235 (4) (s. c. 118 *Ga.* 522); *Clarke* v. *Havard,* 111 *Ga.* 242; *Pottle* v. *Lowe,* 99 *Ga.* 576 (1); *English* v. *Bank,* 76 *Ga.* 537 (*b*).

*Whipple & McKenzie,* contra, cited: *Merck* v. *American Freehold Land Mortgage Co.,* 79 *Ga.* 213; *McLean* v. *Camak,* 97 *Ga.* 804; *Clarke* v. *Havard,* 115 *Ga.* 882; *Stocking* v. *Moury,* 128 *Ga.* 414.