RUSSELL vs. NAPIER.

1. The eviaence as to whether there was a contract of purchase between the plaintiff and the defendant of a right of way over land of the latter, being conflicting, and the court below being satisfied with the verdict, this court will not disturb it.

2. Evidence as to whether the plaintiff was entitled to the way by prescription being introduced by both parties, and it being conflicting as to the length of time the road had been used and as to whether it had been kept in repair by the plaintiff, the weight of testimony seeming to be that it was not so kept, and that the original road-bed was not used for the length of time prescribed by the statute, but trees were allowed to fall across it, and instead of cutting them off another way around them was used, the finding of the jury against the plaintiff was authorized.

3. Evidence that the plaintiff had purchased other land and made a way over it to the public road, as good or better than the one in controversy, was admissible; and upon it the jury were authorized to find that the one in controversy was not a way of necessity.

(a) One is not allowed to claim a road over another's land as a way of necessity, when he has or can have such way over his own.

4. The whole theory of the bill being that the plaintiff, by express contract, purchased the right of way over the defendant's land, which was denied by the defendant, and the greatest portion of the evidence having been upon this point, and the jury having found that there was no such contract, and that it was not the intention of the parties that the right of way claimed should pass under the deed to the land from defendant to plaintiff, an omission to charge as to whether the plaintiff was entitled to the way as appurtenant to the land he purchased from the defendant, or as to whether the way passed under the deed, became inconsequential, even had such charge been requested in a legal manner.

May 13, 1889.

Private ways. Prescription. Contracts. New trial. Verdict. Evidence. Practice. Charge of court. Before Judge FAIN. Catoosa superior court. February term, 1888.

The official report is embodied in the decision.

McCutchen & Shumate and W. H. Payne, for plaintiff.

R. J. McCamy, for defendant.

Simmons, Justice.

Russell filed his bill against Napier, on January 12, 1887, alleging that in December, 1878, he purchased from defendant a certain tract of land, together with the right to the free and uninterrupted use of private road leading from the tract into a public road. For the land and for the use of this way he paid defendant $400 at the time of the purchase, but defendant made him no deed then to the land, but it was agreed at the time that defendant should make a deed to the land and right to the use of the way as soon as defendant obtained a deed. The land which complainant purchased did not lie on any public road, and the right to the private way was included in its sale and was a part of the consideration of the payment made by complainant, there being no other way leading from the land to the public road except the one purchased. Defendant had purchased the land which he sold complainant and an adjoining lot, number 268, at a sale made by the administrator of T. T. Napier, prior to the sale by defendant to complainant. Lot 268, through which the private way in question runs, adjoins the land purchased by complainant and lies between it and the public road, and the private way mentioned had been located where complainant claims the right to use it for a long time prior to the purchase mentioned, and has been used as a way from the land bought by complainant to the public road by T. T. Napier and those owning the land through which it passes. The land purchased by complainant and also

lot 268 had been owned for a long time before his death by T. T. Napier, and defendant still owns lot 268. The private way in question was pointed out to complainant by defendant as the way which complainant was to have the right to use, in the event he purchased the land, at the time he did so purchase, and complainant refused to buy the land until the right to the use of the way was included in the sale, and complainant would not have purchased without such right. After complainant had bought the land and the right to use the way, he went into possession of the land and commenced to use the way so purchased, to wit, about the 28th of December, 1878. He has remained in possession of the land and is still in possession of it and he used the way continuously, uninterruptedly, etc. up to March 22, 1886, when defendant, without authority of law and contrary to the contract, closed it up by building a fence across it on lot 268, and it is still closed by said fence. This act of defendant has forced complainant to travel to and from the public road over another way which is much farther and rougher than the way which has been closed by defendant. Defendant lived on the adjoining lot all the time that complainant was in possession of the land bought by him, and at no time made objection to the use by complainant of the way first above mentioned, but always recognized that complainant had the right to use it. Defendant made no deed to complainant until November 29, 1880, when he had a deed prepared and signed, in which he conveyed the land only. Complainant refused to accept this deed because it did not include the right to the use of the way, and defendant then admitted that it had been agreed that this right should be included, and said it had been omitted by oversight, and that he did not have time to have another deed drawn, but insisted that complainant should take the

deed already prepared, and in a short time he. would execute to complainant a conveyance of the right to use the way. Believing that he would do this, complainant accepted the deed. · He has demanded of defendant such a conveyance, and defendant refuses to comply with his contract, and has closed the way up. The way in question is necessary for the proper enjoyment of the land purchased, and for deprivation of it complainant cannot be compensated in damages, etc. The bill prays that defendant be compelled to execute to complainant a conveyance to the use of the way, and that free use of the same be decreed to be in complainant, for general relief, etc.

, The defendant answered the bill and denied every material allegation therein. He positively denied that there was any contract made between him and the complainant for the purchase of the right of way over his land, which adjoined the land purchased by the complainant. The only thing agreed on between them about this right of way was, that he agreed to allow the complainant to use the right of way until he (the defendant) desired to clear up the land. In that event the road was to be closed. On the trial of the case the jury returned a verdict for the defendant. The complainant made a motion for a new trial on the several grounds stated therein, which motion was overruled, and he excepted.

1. It will be observed, by reading the synopsis of the complainant's bill, that the way in controversy in this case was claimed by the complainant upon three grounds: (1) by contract of purchase; (2) by prescription; and (3) as a way of necessity. It is insisted by the plaintiff in error that the verdict was contrary to the evidence. We have read the evidence sent up in the record, upon the question of the purchase of the

right of way, and while it is conflicting, the jury seem to have believed the defendant and his witnesses in preference to the complainant and his witnesses. The court below was satisfied with the verdict, and we will not disturb it.

2. The same may be said as to the second ground, to wit, that he was entitled to the way by prescription. Evidence was introduced by both parties upon this point. It was conflicting as to the length of time the road has been used, and as to whether it had been kept in repair by the complainant as required by law. The weight of testimony seems to be that it was not kept in repair by the complainant, and that the original road-bed was not used for the length of time prescribed by the statute; that trees were allowed to fall across the road, and instead of cutting them off, another way around the trees was used; and we think there was sufficient evidence on this point to authorize the finding of the jury.

3. The complainant also claimed the way as one of necessity. Upon this point the evidence showed that the complainant had purchased other land from Mrs. Wooten, and made a road over this land to the public road, which according to some of the evidence was a better way than the one in controversy. The plaintiff in error objected to this evidence, and assigns error therein in the 3d and 4th grounds of the motion. We do not think it was error to admit this testimony. If the complainant had purchased other land and made a way over it to the public road, then the original road, the one in controversy, would no longer be a way of necessity. The new road would destroy the old one as a way of necessity. A person is not allowed to claim a road over another's land as a road or way of necessity, when he has, or can have, a road over his own land.

Washburn, in his work on Easements and Servitudes, p. 235 (3d ed.), says : " And so limited is the right of way of necessity in respect to its duration, that, though it remains appurtenant to the land in favor of which it is raised so long as the owner thereof has no other mode of access, yet the moment the owner of such a way acquires, by purchase of other land or otherwise, a way of access from a highway over his own land to the land to which the way belongs, the way of necessity is at an end ; or in other words, a way of necessity ceases as soon as the necessity ceases. The necessity limits the duration of the grant, and this applies as well to a subsequent owner of the estate to which such way attaches, as to the first grantee in whose favor it was originally raised. It is not enough that it continues to be a way of convenience, if it ceases to be indispensable as a means of access to the land."

There was, therefore, no error in allowing the defendant to prove that the complainant had made another road over this land, equally as good as the one in controversy ; and upon this evidence the jury was authorized to find that the road in controversy was not a way of necessity. This disposes of the complaint in the 6th ground, as to the prescriptive right of the complainant, and of the complaint in the 7th ground of the charge of the court as to the new road and way of necessity.

4. Complaint is made in the 5th ground, that the court failed to charge as to whether the complainant was entitled to the way claimed by him as appurtenant to the land he purchased from the defendant, and as to whether the way passed under the deed to the complainant. We have carefully read the allegations in the bill of the complainant, and we do not find that this question was made therein. That part of the bill

which counsel for the plaintiff in error claimed makes this point, does not do so, in our opinion. It is simply a reiteration of an express contract of purchase of this right of way; and the court was right, therefore, in not charging upon that point in the case, even if he had been requested to do so in a legal manner. The whole theory of the complainant's bill was, that by express contract he purchased the right of way over the defendant's land. As said before, this was denied by the defendant, and the greatest portion of the evidence adduced on the trial was upon this point. The jury found that there was no such contract, and also found that it was not the intention of the parties that the right of way over the defendant's land should pass under the deed. Having found this fact, it would have been useless for the court to have submitted this point to the jury.

Judgment affirmed.