### ASHLEY *et al.* v. COOK *et al.*

A declaration against A, B, and C, alleging that the plaintiffs own several parcels of land subject to the superior right of D, a holder of an outstanding deed to secure a debt; that upon default of payment the debt was sued to judgment, and execution issued thereon; that two of the several parcels of land were exposed to public sale by the sheriff, and one sold to A and the other to B; that both sales were void; that A and B were both subrogated to the rights of D, the plaintiff in fi. fa.; that A received a large amount of rents and other profits from the land, and sold it to C, who took with notice of the plaintiffs' equities and afterwards received a large amount of rents and other profits therefrom; that B received a large amount of rents and profits from the tract purchased by him; that the rents and profits received by A, B, and C, added to a certain sum paid in cash upon the execution by the defendant therein named, overpaid the debt; and the prayer being for an accounting, and that the debt and lien be decreed satisfied and the title be decreed to be in the plaintiffs, and that the sheriff's deeds be cancelled as clouds upon the plaintiff's title, *Held:*

(*a*) The suit was not multifarious.

(*b*) In the absence of an allegation that D, the holder of the security deed, had been fully paid, D is to be regarded as retaining in common with A, B, and C an interest in the security and is a necessary party to the action.

(*c*) A was at all times a necessary party, and the fact of his death and an omission to obtain administration upon his estate, after the filing of the suit and before the hearing of the demurrer, did not dispense with the necessity of making his estate a party to the action.

(*d*) The sheriff was not a necessary party.

Argued April 24,—Decided August 9, 1907.

Equitable petition.   Before Judge Lewis.   Laurens superior court.   July 23, 1906.

Augustus Ashley, Lula Kreutz, and J. M. Ashley instituted suit against W. J. Cook, W. R. Cook, and Daniel Cummings, alleging, in substance, that in 1884 P. A. Ashley executed a deed

conveying 720 acres, more or less, of land composed of a number of separate tracts, as follows: being parts of lots numbers 36, 14, 15, and 16 in the second land district, and parts of lots numbers 391, 392, and 393 in the 22d land district; the conveyance being made to Kate Ashley, the mother of plaintiffs, for life, with remainder over to her children, which deed was not recorded within the time prescribed by law; that in 1893 Kate Ashley died, leaving the plaintiffs and their brother, J. H. Ashley, as her only children; that afterwards J. H. Ashley died, leaving the plaintiffs as his only heirs-at-law; that, after the execution of the aforesaid deed, P. A. Ashley, on April 13, 1885, executed a deed to secure a debt, to Mary L. Floyd Jones, conveying the same property, the amount secured being $800, and said Jones taking the said security deed in good faith, without notice of the previous unrecorded deed to Kate Ashley and her children; that afterwards Mary L. Floyd Jones sued to judgment the notes so secured, and caused execution to issue thereon for $800 principal, $214.28 interest, $101.45 attorney's fees, and $9.85 costs of court, and on March 5, 1891, she caused said execution to be levied by the sheriff upon the property described in the deeds, and on February 2, 1892, the sheriff, G. M. Howard, exposed for sale at public outcry lot number 14 of the second district, containing 202½ acres more or less, which was purchased by W. J. Cook for $750, which price was paid to the sheriff, whereupon he executed to the said Cook his deed conveying the property so described; that said sale was void, for the reason that Mary L. Floyd Jones did not execute and file and have recorded in the office of the clerk of the superior court, prior to the time of levy, a deed of reconveyance to P. A. Ashley, but W. J. Cook, the purchaser, became subrogated to all the rights of Mary L. Floyd Jones, and his interest acquired by subrogation was superior to the interest acquired by Kate Ashley and her children under the first deed from P. A. Ashley; that on the same date of sale the sheriff also, by virtue of the same execution, sold 140 acres of lot number 36 in the second district to Daniel Cummings (the amount of the purchase-price not being alleged), which sale was void for the same reason as that averred touching the sale to W. J. Cook; that the sheriff executed a deed to Daniel Cummings, who became subrogated to the rights of Mary L.

Floyd Jones with respect to the property so purchased by him; that Kate Ashley, on February 3, 1892, paid on the execution the $360, and that sum was credited thereon (it not being otherwise alleged what disposition was made of this money) ; that W. J. Cook enjoyed the rents, issues, and profits of the land purchased by him from February 2, 1892, to March 8, 1898, of the yearly value of $100, and during said time he cut and took from the land a large amount of timber of the value of $500 or other large sum, and on March 8, 1898, he conveyed to W. R. Cook the part of the land so purchased by him, but Cook took the land with full knowledge of petitioners' equities in the premises, and entered upon the land and enjoyed the rents, issues, and profits thereof of the yearly value of $100 from March 8, 1898, to the time of the filing of the suit, April 24, 1900; that Daniel Cummings has enjoyed the rents, issues, and profits of the land purchased by him, of the yearly value of $100, from the 2d day of February, 1892, to the date of the filing of the suit, and has also taken from said premises a large amount of timber of the value of $300; and that the rents, issues, and profits of lot number 14, collected by W. J. Cook and W. R. Cook, together with the value of the timber cut by W. J. Cook, and the rents, issues, and profits of said part of lot number 36, collected by Daniel Cummings, together with the timber cut from lot of land 36 by him, and the amount paid on the fi. fa. by the said Kate Ashley, have long since paid off said execution in favor of Mary L. Floyd Jones, to whose rights W. J. Cook and Daniel Cummings are subrogated in said void sale. (It will be observed that while it is alleged that the security deed executed by P. A. Ashley to Mary L. Floyd Jones conveyed the same premises as described in the deed from P. A. Ashley to Kate Ashley and her children, it was not alleged that any part of the lands were sold at sheriff's sales, except lot number 14, containing $202\frac{1}{2}$ acres more or less, and 140 acres of lot number 136. Deducting this acreage from the 720 acres would leave, according to the allegations, $377\frac{1}{2}$ acres vested in Mary L. Floyd Jones under the security deed, concerning which neither W. J. Cook nor Daniel Cummings ever asserted any claim.) It was prayed: (1) That W. J. Cook, W. R. Cook, and Daniel Cummings be required to account for the rents, issues, and profits received by them and

the timber cut by them from said lands, and if said amounts have paid off said execution, with interest, petitioners be decreed to have title to the land, and that the defendants' deeds be delivered up and cancelled.   (2)   That in the event it is found, on accounting, that said amounts have not paid up said execution, the petitioners be allowed to pay the defendants such amounts as may be decreed to be equitably due them, and thereupon that petitioners be decreed to have title to the premises, and that the deeds be delivered up and cancelled.   (3)   That in the event it be found, on accounting, that said sums have more than paid the execution, then that petitioners may have judgment against each of the defendants separately for the amounts that may be found equitably due each of them.   After the suit was filed W. J. Cook, died, and on January 26, 1903, his death was suggested of record. On the same day the court passed an order reciting the suggestion of record of the death of W. J. Cook, and that there was no administration on his estate, and ordering, upon motion of plaintiff's counsel, that W. J. Cook be stricken as a party defendant. To the petition as amended the defendants demurred, upon the ground, among others, that there is a nonjoinder of necessary parties, to wit: Mary L. Floyd Jones and G. M. Howard, sheriff, and that there is a misjoinder of causes of action.

    *Akerman & Akerman, J. M. Stubbs,* and *D. M. Roberts,* for plaintiffs.

    *Hines & Jordan* and *T. L. Griner,* for defendants.

    ATKINSON, J. (After stating the facts.)   The court having placed the decision only upon the questions of misjoinder of causes of action and nonjoinder of necessary parties, we will deal only with those questions.   The allegations of the petition, in effect, charge that Mary L. Floyd Jones, by virtue of the security deed, acquired a title to all the property as security for the debt, which was superior to the title of the plaintiffs.   It follows that the lien of the judgment upon which execution issued, which was admittedly valid, was also superior to the title asserted by the plaintiffs.   If the sale by the sheriff to W. J. Cook and the sale by the sheriff to Daniel Cummings were both void as alleged, neither of these acquired any title whatever to the land which the sheriff conveyed to them respectively.   But it is alleged that each of them was subrogated to the rights of Mary L. Floyd Jones.   See *Ashley*

v. *Cook,* 109 *Ga.* 653. If they were subrogated to anything, it was to the security which she held. A mere security was the greatest interest which she held in the land. The greatest right which they acquired under the equitable right of subrogation was a right to participate in common in the control of the unsatisfied security for their reimbursement. If in the course of collection, by lawful sale or otherwise, they should make a new arrangement by which they would acquire lawful right to the identical property attempted to be sold to them respectively by the sheriff, that would be a different matter altogether. So far as the allegations go, Mrs. Mary L. Floyd Jones also has an interest in the security in common with W. J. Cook and Daniel Cummings, because it is not alleged that she has been fully paid. It is alleged that W. J. Cook, who did not have title, conveyed the land bought by him to W. R. Cook, who did not acquire title, but only took the right of subrogation theretofore held by W. J. Cook. That is not alleged in so many words, but it is necessarily implied from a fair construction of the declaration. If that be true, W. R. Cook had no other right than in common with the others, to have the security deed enforced for his benefit to satisfy any interest in the security to which he might be entitled by force of the alleged equitable assignment by W. J. Cook. It is thus seen that under the theory by which it is sought to recover, all of the defendants are obliged to resort to the enforcement of the same security for whatever rights they may have, and that their several equities must be satisfied from a common security. The security will be enforced for the benefit of all, as their interests may appear. Under these conditions, there are no separate and distinct causes of action united in one suit and the action is not multifarious. See, in this connection, *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539.

From what has been said it is manifest that under the allegations Mary L. Floyd Jones has an interest in the security, and also that the estate of W. J. Cook is substantially interested. The security as a whole could not be decreed satisfied, nor could a complete accounting be had, without making them parties. Their respective interests extend to every feature of the case. The facts of the demise of W. J. Cook, and omission to have administration upon his estate between the time of filing the suit

and the hearing of the demurrer, do not render it the less necessary that his estate be made a party. It is sought to make his estate account for rents and profits, and also to bring about conditions which could render it liable upon a warranty of title. Neither of these things could ever be done without an opportunity afforded to be heard. Neither Mary L. Floyd Jones nor the estate of W. J. Cook was a party; and in the absence of proper amendments, the court was authorized to dismiss the petition upon demurrer raising the point that they should be parties. The sheriff was a mere nominal party without any real or actual interest, and the failure to make him a party was not cause for dismissing the petition. See, in this connection, 15 Enc. Pl. & Pr. 600, and cit.; *Beall* v. *Blake*, 16 *Ga.* 119; *Smith* v. *Pate*, 51 *Ga.* 246. The judgment of the court dismissing the case because of the omission to make Mary L. Floyd Jones and the estate of W. J. Cook parties was authorized. Nothing in the judgment now rendered will operate as a bar to another suit with all the proper parties thereto.

*Judgment affirmed. All the Justices concur.*