WILLIAMS *et al. v.* FORMAN.

HILL, J. 1. The court did not err in overruling the demurrer to the petition as amended.

2. "Where the lender of money neither takes nor contracts to take anything beyond lawful interest, the loan is not rendered usurious by what the borrower does in procuring the loan and using its proceeds. Thus that the borrower contracts with one engaged in the intermediary business of procuring loans, to pay him out of the loan for his services, and does so pay him, will 'not infect the loan, the lender having no interest in such intermediary business or its proceeds. . . By using intermediaries as channels of transmission for papers, relying upon their inspection of property and examination of titles, made at the borrower's instance, and forwarding the money through them also at his instance, the lender does not constitute them his agents to make the loan, and is not chargeable with the consequences of dealings between them and the borrower, whether those dealings be public or private, known or unknown. . . It is lawful to contract for interest on interest overdue, and for payment by the debtor of reasonable attorneys' fees on sums, both principal and interest, which have to be collected by suit." *Merck* v. *American Freehold Land Mortgage Co.*, 79 *Ga.* 213 (7 S. E. 265). See *Bellerby* v. *Goodwyn*, 112 *Ga.* 306 (37 S. E. 376); 39 Cyc. 982; *McCall* v. *Herring*, 118 *Ga.* 522(3) (45 S. E. 442).

3. Where a borrower of money, by the express terms of a written instrument, made a certain law firm his agent to borrow certain sums of money, which resulted in a loan to the borrower, and there was nothing in the transaction between the lender and the agent of the borrower

to abrogate or modify the contract or change the agent of the borrower into an agent of the lender, such agency continued throughout the transaction. *Peabody* v. *Fletcher*, 150 *Ga.* 468 (104 S. E. 448).

4. The ruling made in the foregoing headnote does not violate the general principle that "agency is a question of fact and may be established by proof of circumstances, apparent relations, and the conduct of the parties." *Peabody* v. *Fletcher*, supra.

5. In a proceeding to set aside and cancel a sheriff's deed made to a purchaser of land at a tax sale, because of collusion on the part of the defendant in fi. fa., who had previously executed a security deed to the lender for money borrowed, and the purchaser at the sheriff's sale, and also because the levy was excessive, where it appeared that the tax fi. fa. for $46.23 was levied upon 100 acres of land worth $400 or $500, which was capable of subdivision so that a smaller portion thereof could be sold for a sufficient amount to satisfy the tax fi. fa., under the facts of the case the levy was illegal and void as being excessive, and the sale was consequently void. *Stark* v. *Cummings*, 127 *Ga.* 107 (56 S. E. 130).

6. In such a proceeding to cancel a sheriff's deed to a purchaser of land by virtue of a sale under a tax fi. fa., where the sheriff has no interest in the case, he is not a necessary party. *Ashley* v. *Cook*, 128 *Ga.* 836 (*d*), 841 (58 S. E. 640). See *Bell* v. *Blake*, 16 *Ga.* 119 (4), 136.

7. The case of *Williams* v. *Forman*, 18 *Ga. App.* 242 (89 S. E. 459), is different in its facts from the present case. It does not appear from that case, as reported, that the written application for loan was passed upon by the court, in which it was expressly agreed that Whipple & McKenzie were the agents of Williams, and not of Forman.

8. The court did not err in directing the verdict, and in overruling the motion for new trial.   *Judgment affirmed.   All the Justices concur.*

No. 3857.   APRIL 19, 1924.

Equitable petition.   Before Judge W. E. Thomas.   Thomas superior court.   June 9, 1923.

George M. Forman, of Chicago, Illinois, brought an equitable petition against James Williams, of Thomas County, Georgia, and prayed for judgment for the amount of certain notes declared upon; that such judgment be declared a special lien on the land described in certain security deeds executed by Williams to Forman; and that a receiver be appointed to hold and preserve the property pending the litigation.   By amendment to the petition A. H. S. Cooke was made a party defendant, and the plaintiff further prayed for cancellation of certain sheriff's deeds conveying to Cooke certain portions of the lands in question, which were sold under certain tax fi. fas.   Cooke demurred to the application to make him a party, and the plaintiff at the trial amended his petition in order to meet that demurrer.   Whereupon Cooke renewed his original demurrer, and filed an additional demurrer on the ground of non-

joinder of necessary parties defendant, because the sheriff, the grantor in the deed under the tax sale, which deed was sought to be canceled, was not a party to the case. The court overruled the demurrers, and the defendants excepted pendente lite. The record shows substantially the following facts: James Williams procured from George M. Forman two loans aggregating $7,500. The application for the loans by Williams was made, as appears from the application, through his agents, Whipple & McKenzie, of Cordele, Georgia, who, in connection with the practice of law, were engaged in the business of procuring loans for such clients as engaged their services, from money lenders, among others being Forman. Williams secured the payment of these loans by certain security deeds to Forman, conveying certain tracts of land therein described, aggregating 567 acres, more or less, in Thomas County, Georgia, and gave his promissory notes as set out in the original petition, providing for the annual payment of interest with partial payments of the principal on August 10 of each year after to the date of such loans. The present suit was filed in January, 1917, about three and one half years after the maturity of the first notes, and without the plaintiff having been paid any of the principal or interest due thereon. The plaintiff's petition alleges a loan of $7,-500, with interest at 8 per cent. per annum from August 10, 1912, the date of the notes. The ten principal notes aggregating $7,500 bear interest from date at 7 per cent. per annum. The eight interest notes, intended to cover the annual interest payments stipulated in the principal notes, bear interest from maturity at 8 per cent. per annum. The two interest installment notes intended to bring the rate of interest on the principal sum up to 8 per cent. per annum, bear interest at 8 per cent. per annum from date of first default, August 10, 1913.

The evidence tended to show, that at the time Williams procured the above loans he was solvent, but has since become insolvent, there being other executions outstanding against him on the records of Thomas County, amounting to more than $1,700 at the date of the trial; that Williams enjoyed the rents and profits of the land continuously from the date of the loans, and had permitted the lands to deteriorate in value; that the most valuable dwelling thereon was destroyed by fire in 1915, without any insurance, being replaced by an inferior wooden structure of much less value; that at the time

of the trial the lands in question were not worth the amount due by Williams to Forman, although worth more than that amount at the time the loans upon the lands were made; that Williams failed to pay the taxes on the lands for the years 1914, 1915, 1916, and tax fi. fas. were issued against him for each of such years; that Williams permitted different parcels of the land to be sold under the tax fi. fas. for the years 1914 and 1915, without notice to Forman, who lived in Chicago; and it was alleged in the petition that Williams colluded with his codefendant, A. H. S. Cooke, who was the purchaser at the tax sales, in order to defeat the security of Forman as to the parcels of land sold for taxes and bought in by Cooke. Forman tendered the amount of the taxes due on the two lots of land sold for taxes; and defendants admitted that as to the taxes due for 1915 Forman tendered the amount of taxes in time; and there is no insistence that the judgment of the court setting aside the tax deed in that instance should not stand. Forman insists that the levy of the tax fi. fa. for the taxes of 1914 upon 100 acres of land for $46.23 was excessive, and was for that reason illegal and void. On February 17, 1917, Judge Thomas appointed a receiver for that portion of the property then in the possession of Williams, and temporarily enjoined and restrained him from in any way interfering with the lands pending the litigation, but did not then interfere with Cooke's possession of the 300 acres of land purchased by him at the tax sale. Williams excepted to the judgment granting an injunction and appointing a receiver, and that judgment was affirmed by the Supreme Court. *Williams* v. *Forman,* 147 *Ga.* 441 (94 S. E. 552). Williams filed an answer in which he averred, among other things, that the security deeds were void by reason of being usurious contracts; that Whipple & McKenzie were the agents of Forman and not of Williams; and that the payment of commissions to Whipple & McKenzie out of the money borrowed from Forman in addition to amounts paid for recording the security deed papers, and paying the inspector, who was employed to inspect the land, was in addition to the lawful rate of interest charged in the contract, and thereby infected the contract with usury, thus rendering it and the security deeds void as to Williams. On the trial of the case Forman introduced both applications of Williams to secure the loans, the form in each being the same, but varying only in the amount of loans applied for and the

security· pledged; the material portions of one of which are as follows: "I hereby employ Whipple & McKenzie, of Cordele, Ga., as my agent to procure for me a loan of $4,000 at 8 per cent., to be based upon the truth of the following declarations signed by me, and made by me under oath: I agree, as one of·the conditions for procuring said loan, that whatever I pay as commissions, fire-insurance premiums, or expense, in procuring said loan, shall not be considered as in any manner increasing the rate of interest upon said loan above the legal rate; and it is hereby further agreed that payments to Whipple & McKenzie, my duly authorized agent, of the loan hereby applied for, shall be considered and accepted as payment to me. I will furnish a complete abstract of title to this property, from the government to the present time, and the cost of examining the title and of recording deeds are to be at my expense in case of acceptance or rejection of the loan. I am in peaceable possession of said premises; the title to said land has never, to my knowledge, been questioned or disputed. I agree to pay for recording the mortgage to secure the loan, and pay any cost of completing the abstract of title showing the loan mortgage to be first lien. There are neither unrecorded deeds nor mortgages for or upon said premises, nor are there any unpaid taxes, unsatisfied judgments in the State or Federal courts, nor suits pending in any courts, except as shown above and on the abstract furnished with this application. Nor am I either principal or surety upon any bond. Either my said agent or G. M. Forman & Co. are hereby authorized to use the proceeds of the loans to remove all liens now upon said lands, and for any necessary corrections in title made before the loan is completed. I have answered the above questions and made these statements for the purpose of procuring said loan, and for no other purpose whatever, and swear that they are true in every part. This application to be in force until loan is placed, or for six days after notice of withdrawal has been given to G. M. Forman & Co. If I should refuse to sign papers or accept loan when placed, I hereby agree to pay said G. M. Forman & Co. all expenses incurred, and interest on the money while it has been held for me, and a reasonable fee. Dated this 22nd of May, 1912. [Signed] James Williams, Applicant. Subscribed and sworn to before me this 22nd day of May, 1912. [Signed] T. B. McKenzie, Notary Public.

N. B.—Agent of applicant must sign this recommendation: Date,

Cordele, Ga., August 8, 1912. Having examined the within application, we recommend a loan to applicant of $3,500 on the security offered. [Signed] W. H. McKenzie." The evidence also showed that the notes were made payable to Forman individually for convenience, instead of to G. M. Forman & Co.

On the trial of the case in October, 1922, Judge Thomas, after the introduction of the evidence by the plaintiff and defendants, directed a verdict in favor of Forman against Williams for the amount sued for, and against Cooke, canceling the tax deeds held by him; and for permanent injunction, etc. The defendants filed a motion for new trial, assigning error upon the overruling of the demurrer to the petition, and on the direction of the verdict by the court, upon various grounds. To the overruling of the motion for new trial the defendants excepted.

*Clifford E. Hay,* for plaintiffs in error.

*Titus & Dekle* and *Whipple & McKenzie,* contra.