## 23779. CITY OF ATLANTA et al. v. EAST POINT AMUSEMENT COMPANY.

CANDLER, Presiding Justice. East Point Amusement Company filed an application with the City of Atlanta in 1961 to rezone a described tract of land it owned from an R-3 (residential) to C-2 (commercial) classification. The ordinance applied for was adopted by the city's board of aldermen on December 18, 1961, and was transmitted by it to Honorable William B. Hartsfield, then Mayor of the City of Atlanta, for his approval or disapproval. On December 20, 1961, Mayor Hartsfield approved the ordinance and forwarded it to the clerk of the board of aldermen for record in the city's ordinance book as he was required to do. On December 21, 1961, Mayor Hartsfield had such clerk return the ordinance to him and on the same day he vetoed it on applicant's request. On February 5, 1962, the applicant filed a petition in the Superior Court of Fulton County against Ivan Allen, as Mayor of the City of Atlanta, William B. Hartsfield, as former Mayor of the City of Atlanta, the several members of the city's board of aldermen and James J. Little, as clerk of the city's board of aldermen. Its petition, as amended, alleged the facts stated above and prayed for a judgment declaring and adjudicating its rights under the zoning ordinance which Mayor Hartsfield approved December 20, 1961. It also prayed for a mandamus absolute requiring the clerk of the board of aldermen to complete the record in his office by recording the ordinance which the board of aldermen adopted and which Mayor Hartsfield approved on December 20, 1961. The defendants demurred to the amended petition on the ground that it alleged no cause of action for any of the relief sought. Their demurrer was overruled and they appealed that judgment to this court for review. By their answer to the amended petition, the defendants admitted that the zoning ordinance applied for was adopted by the city's board of aldermen; that it was approved on December

20, 1961, by Mayor Hartsfield and transmitted by him to the clerk of the city's board of aldermen for record; that he subsequently recalled such ordinance and on applicant's request vetoed it; and that applicant has therefore waived his right to claim that such ordinance was enacted and thus became a law of the defendant city. The applicant demurred to and moved to strike defendants' amended answer on the ground that it failed to aver any defense to applicant's amended petition. This demurrer and motion to strike was sustained and the appeal also brings up for review the correctness of that holding. On motion therefor, Judge Pharr on August 10, 1966, granted summary judgment declaring and adjudging that the zoning ordinance applied for had been legally adopted by the city's board of aldermen and that it had been approved by William B. Hartsfield, Mayor of the City of Atlanta, and by the same judgment he ordered and directed the clerk of the city's board of aldermen to record it in the city's ordinance book as a duly adopted and approved ordinance of the city. There is an appeal from that judgment. *Held:*

1. In cases of actual controversy, under § 1 (a) of the Declaratory Judgments Act of 1945 (Ga. L. 1945, p. 137; *Code Ann.* § 110-1101), the superior courts of this state have power to declare the rights of any interested party petitioning for such a declaration and in addition thereto, such courts, under § 1 (b) of the Act likewise have authority upon petition therefor to declare the rights of any interested party in any civil case in which it appears that the ends of justice require that such a declaration should be made for the guidance and protection of the petitioner. Under these provisions of the Act, we hold that the allegations of the amended petition are sufficient to allege a proper case for declaratory relief. See *Calvary Independent Baptist Church v. City of Rome,* 208 Ga. 312 (66 SE2d 726). And we also hold that the allegations of the amended petition are sufficient to state a cause of action for the writ of mandamus sought thereby. See *Code* § 64-101.

2. The contention that the court erred in striking the defendant's amended answer is not meritorious. As their defense to the amended petition, the defendants aver that petitioner waived its right to insist on the validity and effectiveness of the ordinance rezoning its property from residential to com-

mercial use since it requested Mayor Hartsfield to veto such ordinance after he had first approved it and transmitted it to the clerk of the board of aldermen for record in the city's ordinance book. Respecting the approval of state statutes, it is stated in 50 AmJur 108, § 108: "After an act has passed both houses, has been properly signed by the proper officers, has been regularly presented to the governor for his approval, and he has approved and signed the same without mistake, inadvertence, or fraud, and thereafter has voluntarily deposited it with the secretary of state as a law of the state, it has passed beyond his control and he has no power thereafter to withdraw his approval." In 82 CJS 84, § 51 (b), it is said: "The governor's approval of a bill is not complete until it has left his possession, and prior thereto he may reconsider any action previously taken. . . However, after a bill has been signed by the governor and has passed beyond his control, by placing it with the proper depositary of state laws, its status has become fixed and unalterable as far as he is concerned, unless the bill was illegally passed and was wrongfully transmitted to him." And in *Floyd County v. Salmon,* 151 Ga. 313, 315 (106 SE 280) this court said: "The general rule followed in the United States is, that, in the absence of constitutional or general statutory provision governing the matter, the statute becomes effective on the day of its passage, that is to say, on the day of its approval by the chief executive, or its passage over his veto." The defendants' answer affirmatively shows that Mayor Hartsfield's veto of the ordinance here involved occurred after the ordinance had first been approved by him and filed for record with the proper depositary of the city. We think the rule governing the approval of state statutes is applicable to and should be followed relative to the approval of city ordinances.

3. Section 27.1 of the Code of the City of Atlanta provides: "It shall be the duty of the mayor, or, in case of his absence or disability, the president of the board of aldermen, or in his absence the vice-president of the board of aldermen, to approve or disprove all ordinances, resolutions or other papers passed by the board of aldermen, within four days after adjournment." The pleadings and the evidence in the instant case conclusively show that Mayor Hartsfield, within the time provided therefor, approved the ordinance rezoning the property involved from residential to commercial use and

transmitted such ordinance to the clerk of the board of aldermen for record and, since the adoption and approval of such zoning ordinance was legislative action affecting all citizens of the city, it is clear to us that the applicant therefor could not thereafter by waiver or otherwise nullify, repeal or render it ineffective as a valid city ordinance simply because he owned the property directly affected thereby. Zoning ordinances and amendments thereto are required by statute to be adopted in accordance with a "comprehensive plan" which must take into account the interest of the entire city and its citizens. *Code Ann.* § 69-802.

Such being the case, the trial judge did not err, as contended, in granting a summary judgment the effect of which declared and established such ordinance to be valid city legislation.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 15, 1966—DECIDED NOVEMBER 23, 1966.

*Henry L. Bowden, Ferrin Y. Mathews,* for appellants.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr.,* for appellee.