## 27764. ALMAROAD et al. v. GILES.

HAWES, Justice. 1. "Since the adoption of the Civil Practice Act (Ga. L. 1966, p. 609; 1967, p. 226; Code Ann. Title 81A) a complaint need not set forth a cause of action in order to withstand a motion to dismiss but need only to set forth a claim for relief. Under that title, the complaint may no longer be construed most strongly against the pleader. 'Furthermore, "a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." 2A Moore, Federal Practice, 1706, § 8.13.' *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695); *Gill v. Myrick,* 228 Ga. 253, 259 (185 SE2d 72); *Johnson v. Wormsloe Foundation,* 228 Ga. 772, 725 (187 SE2d 682)." *Koehler v. Massell,* 229 Ga. 359, 361 (191 SE2d 830). Applying the foregoing rules to the amended complaint in this case, it is apparent that the plaintiff seeks relief in a court of equity to restrain the further use by the defendant of what formerly was a way of necessity from the defendant's land across the plaintiff's land to a public road, on the ground that the necessity which dictated the original grant of the way no longer exists

since defendant now has direct access from his property to the public road. Plaintiff, under the allegations of the complaint, if they be proved, is clearly entitled to this relief under the law. Code § 85-1402. *Russell v. Napier,* 82 Ga. 770, 774 (9 SE 746); *Gaines v. Lunsford,* 120 Ga. 370 (47 SE 967, 102 ASR 109).

2. The action in this case is not one respecting title to land. There is no question under the pleadings but that the plaintiff owns the land in question. The question presented is whether he owns the land subject to the servitude of defendant's easement for a way of access. The action is in equity to restrain further trespass by the defendant on the plaintiff's land and was properly brought in the county of the residence of the defendant against whom substantial equitable relief is sought, though the land involved lies in another county. *Screven County v. Reddy,* 208 Ga. 730 (1) (69 SE2d 186); *Bond v. Ray,* 207 Ga. 559, 561 (63 SE2d 399).

3. As we view this case, we are not called upon at this time to determine whether plaintiff has a claim for relief by way of declaratory judgment. See, however, *Calvary Independent Baptist Church v. City of Rome,* 208 Ga. 312 (3) (66 SE2d 726); and *City of Atlanta v. East Point Amusement Co.,* 222 Ga. 774 (1) (152 SE2d 374).

4. The Superior Court of Bibb County erred in dismissing the complaint for failure to state a claim for relief and in holding that it lacked jurisdiction of the controversy because same involved title to land lying in Peach County.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 12, 1973 — DECIDED APRIL 16, 1973.

*Charles R. Adams, Jr.,* for appellants.

*Robert E. Lanyon, Albert E. Jones, Lawrence C. Collins,* for appellee.