28288. STITH et al. v. HUDSON et al.

ARGUED OCTOBER 10, 1973 — DECIDED DECEMBER 3, 1973 — REHEARING DENIED DECEMBER 17, 1973.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellants.

*James F. Cox, Millard C. Farmer, Jr., Hansell, Post, Brandon & Dorsey, Terrence Lee Croft,* for appellees.

GRICE, Presiding Justice. The only question upon appeal in this action involving title to land is whether the amended complaint should have been dismissed.

The action was originally filed on September 5, 1969, in the Superior Court of Fulton County by the appellants Henry Hammond Stith, Sr., and Edward Dean Stith against Ballard Hudson, Emma Bell Farmer and the First National Bank of Atlanta as trustees under the will of Charles Moseley Roan, deceased. The defendant Hudson is the sole appellee.

The original complaint alleged in essence the following: that the plaintiffs-appellants were the owners of a certain described tract of land situated in Campbell, now Fulton, County; that they acquired title to this property as sole heirs at law of their father, E. D. Stith, who died owning a one-half undivided interest therein; and also by virtue of a properly recorded warranty deed dated February 20, 1957, from Mrs. Birdelle Stith Jackson, the owner of the other one-half interest in said property.

It was further alleged that on May 5, 1939, the Tax Collector of Fulton County purportedly sold the one-half undivided interest of Mrs. Jackson in the property to Hudson and Roan for a consideration of $40.25, which was the amount of tax due and costs; that at that time the land was worth $4,000 to $5,000 and was levied upon to satisfy a tax execution for the year 1932 in the a- mount of $16.45; that the sum for which the land was sold was so inadequate and below the value of the land, which was capable of subdivision and sale in smaller parcels, and the levy on which the sale was based was so excessive as to render the pretended tax sale void; and that by reason of the tax deed upon the records of Fulton County the appellants' title to said property was impaired.

The complaint further recited that the appellee Hudson was the Hudson referred to in the tax deed; that the First National Bank of Atlanta was the trustee under the will and legal representative of the person referred to as Roan in said deed; that Emma Bell

Roan Farmer was the beneficiary under Roan's will; that each of them claimed an interest in the tax deed; that the appellants had tendered to each of the defendants the amount paid for the tax deed together with 10% penalty for each year, as required by § 92-8301 et seq. of the 1933 Annotated Code of Georgia; that they now tendered and paid such sum into court for the purpose of redeeming said property as required by law; and that the defendants had not foreclosed the right of redemption and they were entitled as a matter of law to redeem the property.

The prayers were that the tax deed be canceled as a cloud upon their title and for further proper relief.

The appellee Hudson filed an answer in which he denied the essential allegations and set up the defense, among others not necessary to recite here, that the right to redeem the property described in the complaint was terminated by operation of law in Code Ann. §§ 92-8315 and 92-8316 (Ga. L. 1949, pp. 1132-1134), which superseded the redemption procedures relied upon by the appellants.

The appellants moved to strike this defense upon the ground that the Act of 1949 violated Art. I, Sec. X of the United States Constitution (Code § 1-134) and Art. I, Sec. III, Par. II of the Georgia Constitution (Code Ann. § 2-302) in that it constituted a bill of attainder, an ex post facto law, retroactive law, or law impairing the obligation of contracts as retroactive legislation depriving the appellants and their predecessors in title of vested interests in the property.

The trial court overruled the motion to strike and certified the ruling for immediate review.

This court affirmed, holding that "The enumerations of error all contend that the Act of 1949 (Ga. L. 1949, p. 1132) violates the provisions of the Constitution of Georgia and the Constitution of the United States. The argument made in the brief of the appellant relates solely to the provisions of one section of the Act and no contention is made as to the remainder of the Act being unconstitutional for any reason. Accordingly, . . . the judgment of the trial court overruling the motion to strike because the Act of 1949, supra, is unconstitutional, shows no reversible error." *Stith v. Hudson,* 226 Ga. 364, 365 (174 SE2d 892).

Upon the return of the case to the superior court the appellants amended their complaint, asserting in material part that they were the owners of certain described property in Campbell, now Fulton, County, which was somewhat less than that described in

the original complaint; that they had acquired title essentially as alleged in the original complaint; that on April 4, 1939, the Tax Collector of Fulton County issued a fi. fa. against "Mrs. Birdell Jackson" for 1932 state and county taxes and on May 2, 1939, sold certain described land to Hudson and Roan as previously set forth in the original complaint.

The amended complaint further alleged that on September 12, 1972, the First National Bank of Atlanta, as trustee under the will of Charles Moseley Roan, had executed a deed to the appellee Hudson purporting to convey "the undivided one-half (1/2) interest owned by Charles Moseley Roan at the time of his death" in the property described in the complaint.

It also contained three separate counts setting forth different claims of the appellants to the property in question.

Count 1 asserted that the appellants had acquired the rights of Mrs. Birdell Stith Jackson to redeem the property in question at any time within 12 months from the date of sale, and at any time thereafter until the right to redeem was foreclosed in the manner prescribed by law; that the defendants had never foreclosed the right of redemption and the appellants are entitled by law to redeem it; that they had attempted to do so and had made tender as described in the original complaint; and that "Section 2 (b) of Section 1 of the Act approved February 25, 1949 (Ga. L. 1949, p. 1132) which appears as Section 92-8316 of the Georgia Code Ann., which purports to bar the right to redeem said property, is illegal, void and unconstitutional" for the reasons recited in the motion to strike. The prayers of this count were that they be permitted to redeem the property and that the defendants be required to make a quitclaim deed to them in accordance with law.

Count 2 is primarily concerned with the appellants' title to the land as successors in interest to Mrs. Jackson. In addition to alleging that the levy was so excessive and the sale price so inadequate as to render the tax sale void, it was urged that the sale was also void because title to the property for the year 1932 was in Fulton County and no taxes were due. The tax deed was therefore claimed to be a cloud on their title as successors to Mrs. Jackson and an impairment thereto, and it was prayed that it be declared a nullity, canceled and that the appellants recover the interest in the described property of Mrs. Jackson.

Count 3 sets forth in substance the same allegations and prayers as Count 2. It further contends that although Mrs. Jackson was only the owner of an undivided one-half interest in the property

in question, the tax deed on its face purports to convey the entire fee in the property, and prays that the appellants recover from the defendants the interest of Mr. and Mrs. E. D. Stith in the described land.

Thereupon the appellee Hudson filed responsive pleadings and moved to dismiss the entire proceeding because the complaint, as amended, failed to state a claim upon which relief could be granted. This motion to dismiss was amended by adding as additional grounds that the trial court lacked jurisdiction of the subject matter of the amended complaint for the following reasons: (1) That the appellants in their amendment struck all the paragraphs of their original complaint and the prayers for relief in their entirety and therefore "there was nothing left pending in said matter on which to file an amendment"; (2) that since the appellants were seeking to have the tax deed to Hudson and Roan canceled and set aside, the tax commissioner as grantor was an indispensable party whom they had failed to join; (3) that the entire complaint, with all counts thereto amended, was barred by the statute of limitation in that no action was filed within a period of seven years from the execution of the deed sought to be canceled and set aside.

On June 27, 1973, the trial court entered the following order: "The within and foregoing Motion to Dismiss coming on to be heard before me, and after hearing argument of counsel, it is hereby considered ordered and adjudged that said Motion to Dismiss be and the same is hereby sustained."

The appeal is from this order.

Since the order appealed from does not recite upon which ground of the amended motion to dismiss it was sustained, it will therefore be necessary to consider the sufficiency of each.

■ In our view the complaint was not dismissible upon the ground that it failed to state a claim upon which relief might be granted.

In this connection it is of primary importance that under the Civil Practice Act "when the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, 'the new rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. [Cits.]' "

*Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377). See also, *Koehler v. Massell,* 229 Ga. 359 (191 SE2d 830).

It should be noted that the amended complaint here was based upon three independent grounds stated in three separate counts. If within the framework of this complaint evidence might be introduced which would sustain a grant of relief to the plaintiff, the complaint was sufficient. *Almaroad v. Giles,* 230 Ga. 473 (1) (197 SE2d 706) and cits.

Since neither the record before this court nor the judge's order shows that any law or evidence was presented at the hearing upon the motion to dismiss, we cannot assume that the constitutional questions raised in Count 1 of the amended complaint as to bill of attainder, ex post facto law, retroactive law or law impairing the obligation of contracts were considered and ruled upon by the trial court. Cf., *North Georgia Finishing v. Di-Chem,* 231 Ga. 260 (1) (three Justices concurring specially upon another ground).

Moreover, the allegations in Counts 2 and 3 that the tax sale at which the land was purportedly sold was void, because the property was not subject to taxation and because of excessive levy, do not disclose with certainty that the appellants would not be entitled to relief under any state of provable facts.

It follows that the trial court would have erred in sustaining the motion to dismiss upon this ground since the appellants are entitled to relief if upon a trial the allegations of the amended complaint can be proved.

■ The second ground of the amended motion to dismiss, which in essence argues that the appellants by dismissing their complaint in its entirety waived and surrendered their rights to file their amendment, is also without merit.

The Civil Practice Act provides that "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Ga. L. 1966, pp. 609, 627; 1972, pp. 689, 694 (Code Ann. § 81A-115 (a)).

Clearly nothing therein prohibits the amendment of the complaint by striking all of the original pleadings.

The appellee concedes that under this section of the Civil Practice Act parties are allowed liberal rights to amend pleadings. He urges as authority for his position, however, the case of *Hospital Authority of Emanuel County v. Gray,* 123 Ga. App. 415 (181 SE2d

299) (cert. den. 123 Ga. App. 872), which holds that after a consent judgment had been filed reciting that the plaintiff's claims have been settled, court costs paid and the action dismissed with prejudice, there is no longer a pending case and the complaint cannot be amended.

We do not agree.

In the *Gray* case the Court of Appeals stated that "The consent order dismissing the case affirmatively established that thereafter no judgment could be entered against anybody, and the case ceased to be pending at that time. Since it was not pending it could not be amended six months later in an effort to convert it into a damage suit by one co-defendant against another." *Hospital Authority of Emanuel County v. Gray,* 123 Ga. App. 415 (2), supra.

The appellants here amended their existing complaint by separating it into three counts and specifying the particular section of the statute under constitutional attack after their motion to strike certain portions of the response was overruled and affirmed by this court as previously stated.

The overruling of this motion and the appeal therefrom which was certified for immediate review left pending all issues in the *complaint,* since the only issue resolved in the appealed ruling was whether a portion of the *response* should be stricken. The holding of this court upon the appeal (*Stith v. Hudson,* 226 Ga. 364, supra), affirming the overruling of the motion to strike upon the ground that the constitutional attack was not made with sufficient specificity, was not an adjudication on the merits of the constitutional question raised.

Furthermore, even if the trial judge concluded that the amendment was precluded as a matter of course at that stage of the proceedings, it could still have permitted it by leave of court. The mandate of this provision of our Civil Practice Act, in accordance with the spirit of the Federal Rules of Civil Procedure upon which it was modeled, is that controversies shall be decided on the merits; and "the courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced and the trial of the issues will not be unduly delayed." 3 Moore's Federal Practice (2d Ed.) 874, § 15.08 [2].

Since none of these circumstances was alleged to be present here, in our view a dismissal of the case upon the ground of improper amendment would have been erroneous for any of the reasons

urged.

3. The next ground of the defendants' motion to dismiss asserted that by failing to name either Fulton County or the Fulton County Tax Commissioner as a party defendant, an indispensable party was not named.

This is likewise not a valid ground for dismissal of the complaint.

It is obvious that these parties are not indispensable as to Count 1, based upon the constitutional attack on the 1949 statute.

In Counts 2 and 3, the appellants sought to recover land held under a tax deed purported to be void.

This court has long held that, "In such a proceeding to cancel a sheriff's deed to a purchaser of land by virtue of a sale under a tax fi. fa., where the sheriff has no interest in the case, he is not a necessary party. *Ashley v. Cook,* 128 Ga. 836 (d), 841 (58 SE 640). See *Beall v. Blake,* 16 Ga. 119 (4), 136." *Williams v. Forman,* 158 Ga. 89 (6) (123 SE 20).

In the *Ashley* case, it was held that, "The sheriff was a mere nominal party without any real or actual interest, and the failure to· make him a party was not cause for dismissing the petition. [Cits.]" *Ashley v. Cook,* 128 Ga. 836, 841, supra.

County tax collectors or commissioners are now authorized to be ex-officio sheriffs "insofar as to enable them to collect the taxes due the State and county, by levy and sale under tax execution." Ga. L. 1972, p. 822 (Code Ann. § 92-4901.1).

Since such levying officials have been held not to be *necessary* parties in the above cited cases, there is clearly no authority upon which the trial court here could sustain the motion to dismiss for failure to join an *indispensable* party.

■ The final ground of the defendants' amended motion to dismiss, that the amended complaint was barred by the statute of limitation, is likewise not sustainable.

The appellee contends that this ground was valid because "By analogy to the rule that an action to recover land can be defeated by a prescriptive title acquired by seven-years possession under color of title, the period of limitation applicable to an equitable suit for cancellation of a deed is seven years from the date of its execution. [Cits.]" *Payton v. Daughtry,* 223 Ga. 438, 439 (156 SE2d 29).

In our view, however, that rule is inapplicable here. As stated by this court in *Stephens v. Walker,* 193 Ga. 330, 331 (18 SE2d 537), "An exception to this rule has been noted, where suit is brought primarily for recovery of the land under an antecedent deed,

against one holding, but with less than seven years actual possession, under a junior deed. In such a case, cancellation of the subsequent deed under which the defendant claims being a mere incident to the question of title, the fact that the deed may have been executed for more than seven years will not operate to prevent its cancellation. *Latham v. Fowler,* 192 Ga. 686 (2), 692 (16 SE2d 591), and cit."

If the appellants' allegations as to the invalidity of the tax deed can be sustained upon a trial, then in order for the defendants to prevail they must show title by prescription. Indeed, prescription was expressly set up as a defense in the response filed to the amended complaint. However, this is a matter of proof which must be submitted to the trier of fact upon a trial.

For the foregoing reasons, the order of the trial court sustaining the motion to dismiss was erroneous.

*Judgment reversed. All the Justices concur.*