28896. BOWEN et al. v. PENDLEY et al.

NICHOLS, Presiding Justice.

H. Jack Pendley, Jr. and David M. Pendley, as the

owners of a tract of land consisting of approximately 100 acres located in Fulton County, filed three petitions in which they sought to have parts of such tract of land rezoned. The owners of nearby land objected to such rezoning and, after negotiation, an agreement was entered into which provided for a buffer area, etc. and as a part of such agreement it was stipulated that if any one of the rezoning petitions was approved certain covenants running with the land could be filed for record. As a part of the consideration between the parties it was agreed that the owners of land near that sought to be rezoned would not oppose the rezoning petitions. On March 7, 1973, the Board of Commissioners of Fulton County approved one of the rezoning petitions and denied the other two. On March 21, 1973 the board rescinded the approval of the one petition.

On March 8, 1973 the covenants were recorded by the owners of adjoining and nearby land. Thereafter the present complaint was filed seeking to have the covenants removed and damages resulting from such recording. The defendants in the trial court filed a counterclaim in which they sought damages for breach of contract, etc.

The trial court granted a partial summary judgment for the plaintiffs, denied a similar motion for the defendants, ordered the covenants expunged from the record and certified the judgments for immediate review.

The primary question for consideration is the effect of the approval of one rezoning petition on March 7, 1973. Is such rezoning effective immediately or is such approval only tentative until the minutes of such meeting are later read and approved? Or, to put it differently, is an action of the county commissioners in approving or rejecting a petition to rezone property subject to reconsideration at a meeting of commissioners two weeks later, but before affirmative action is taken to approve the minutes of the original action.

Two sections of the Fulton County Code relied upon by the appellees provide as follows: "Sec. 51-204. *Alteration of minutes.* After the clerk shall have prepared the original draft of the minutes as described in the preceding paragraphs, he shall not thereafter alter,

change or modify the same except upon orders of and approval by the county commission in a subsequent regular or called meeting, and the fact of such alteration, change or modification, shall itself be noted on the minutes before final approval and ratification of the same by the county commission.

"Sec. 51-205. *Certification of minutes.* The clerk is hereby prohibited from certifying any minutes of the county commission or excerpts therefrom until and unless the minutes from which such excerpt is taken have been ratified and approved by the county commission, provided, however, the clerk may furnish a copy or excerpt of a preliminary draft of the proposed minutes of the county commission without certification, provided, however, where such excerpts are prepared and furnished by the clerk, there shall be noted thereon that the same are not official minutes but are tentative and as such are not binding on the county or any officer thereof."

Neither of these sections provide for a reconsideration of any action taken by the commissioners but merely provide for the methods of correcting any inaccuracies therein, and of necessity forbid the clerk from certifying any minutes as being official until his recording of the action of the commissioners has been authenticated by the commissioners. Such sections of the Fulton County Code do not conflict with the authority generally of such bodies to make their minutes speak the truth of what actually occurred. See 56 AmJur2d 230, Municipal Corporations, etc., § 179 et seq. The approval of the prior minutes is not a legislative Act but a mere acknowledgment that the recording officer had properly recorded that which occurred at the prior meeting. See *Hornady v. Goodman,* 167 Ga. 555, 574 (146 SE 173).

In *City of Atlanta v. East Point Amusement Co.,* 222 Ga. 774 (152 SE2d 374), the question of the right of the Mayor of the City of Atlanta to withdraw his approval of a zoning change, previously adopted by the board of aldermen, and then to veto such zoning change was discussed. It was held that he had no such authority and that once the mayor approved such a zoning ordinance and the legislative process was completed he had no

authority to rescind his approval and issue his veto.

Here, once the Fulton County Commissioners approved the rezoning petition they were without authority to meet and rescind such action in the absence of a new petition being filed and all procedures followed as provided by law to again change the zoning of such tract of land.

The evidence adduced in support of the respective motions for summary judgments in this case show without dispute that the commissioners did rezone the property so as to authorize the owners of the adjoining and nearby land to file the "covenants" in accordance with their contract with H. Jack Pendley, Jr. and David M. Pendley, and that the action taken by the commissioners of Fulton County at a later meeting did not have the effect of rescinding such prior action. Accordingly, the trial court erred in granting the partial summary judgment for the plaintiffs and denying the motion for partial summary judgment for the defendants.

The question of whether the "covenants" were covenants running with the land or merely contractual obligations not binding on assignees is not presented or decided, but see *Johnson v. Myers,* 226 Ga. 23 (172 SE2d 421).

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED MAY 15, 1974 — DECIDED JUNE 18, 1974 — REHEARING DENIED JULY 2, 1974.

*Greene, Buckley, DeRieux & Jones, Ferdinand Buckley, Raymond H. Vizethann, Jr.,* for appellants.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellees.