## BALDWIN *v.* BALDWIN.

The provision in the Civil Code, § 2467, for " three days notice " to the defendant, in a proceeding for alimony instituted under that section, contemplates personal service of a written notice. Leaving such notice at the defendant's most notorious place of abode is insufficient to give the court jurisdiction.

Argued October 11, — Decided October 30, 1902.

Petition for alimony. Before Judge Fite. Gordon superior court. July 24, 1902.

*Starr & Erwin,* for plaintiff in error. *W. R. Rankin,* contra.

SIMMONS, C. J. A proceeding for alimony was instituted by Josephine Baldwin against her husband, Thomas Baldwin, under the Civil Code, § 2467. The judge granted a rule nisi, and process issued. The sheriff made a return showing that he had "served Thomas Baldwin, by leaving a copy of the within petition at his most notorious place of abode." When the case came on for trial, counsel for the defendant moved "to dismiss the plaintiff's cause of action, on the ground that there had been no personal service of said petition on defendant." The defendant did not appear generally, and did not waive service. The judge overruled the motion to dismiss, and, after hearing evidence, entered up a judgment against the defendant. Exception is taken to the refusal to dismiss the plaintiff's action.

The sole question to be determined in this case is whether the defendant should have been served personally, or whether the substituted service, by leaving a copy at his place of abode, was sufficient. The code section under which this proceeding was instituted provides for alimony in cases where the husband and wife are

living in a state of separation and there is no suit for divorce pending. Under its provisions the judge may grant alimony, in term or vacation, "upon three days notice to the husband." No method of giving this notice is prescribed. "The general rule in regard to the service of process or legal notice is that it must be served personally on the party or the individual in question, unless some other mode is specially provided for that purpose by statute or has been otherwise established by long and recognized practice to the contrary." 19 Enc. Pl. & Pr. 614, 620; Wade, Notice (2d ed.), §§ 1137 et seq., 1334 et seq. Our Civil Code (§4985) provides that "leaving a copy at the defendant's residence shall be a sufficient service," but the context makes it obvious that this provision is applicable to those suits and proceedings only which are triable at a regular term of the court, and can have no application to a summary remedy such as the one invoked in the present case. Not more than three days notice is required in such a proceeding as the present, a proceeding which involves the property and the liberty of the defendant ; and when the legislature has provided for notice in terms that mean personal service, it can not be held that any other form of service is sufficient. Substituted service, by leaving the notice at one's residence, might be made during the defendant's temporary absence from home, and, in the absence of a legislative provision to that effect, we can not say that such service would give the court jurisdiction to hear and determine the case after three days had expired. The code provides for *notice to the defendant,* and the defendant himself must be served personally with notice before the court can acquire jurisdiction to proceed with the case. If the legislature desires to make some other method of service sufficient, substituted service may be provided for by statute, as has been done in ordinary suits. In the absence of such a statutory provision, service by leaving a copy of the petition at the defendant's most notorious place of abode is not sufficient. Indeed it amounts to no service or notice at all. *Hobby* v. *Bunch,* 83 *Ga.* 1.

For these reasons we think that there was no sufficient notice given to the defendant, and that the judge erred in overruling the motion to dismiss the plaintiff's action. The subsequent ruling made on a traverse of the sheriff's return, and the evidence introduced in support of such traverse, need not, in view of what has just been decided, be considered. If the return was on its face

insufficient, there was no need to traverse it; and all that was done by the court after overruling the motion to dismiss was nugatory.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*