## FOUNTAIN *v.* FOUNTAIN.

1. Where upon a separation of husband and wife a petition was brought for temporary alimony, and while this was pending the parties resumed cohabitation, but no order was taken dismissing the suit, and the parties after a short time again separated and the suit for alimony was prosecuted, a judgment rendered therein was not void on the ground that the court was without jurisdiction and that there were no pleadings authorizing the judgment.

2. It does not appear from the evidence that the court abused his discretion in the allowance of alimony, and in adjudging that the husband was in contempt for his failure to pay the same, and in refusing to reduce the amounts previously allowed.

No. 1881. December 16, 1920.

Attachment for contempt. Before Judge Harrell. Dougherty superior court. January 17, 1920.

*Claude Payton,* for plaintiff in error.

*Pottle & Hofmayer,* contra.

Beck, P. J. Mrs. Leila Fountain brought a petition against her husband, Henry Fountain, and prayed that a rule be issued requiring him to show cause why he should not be attached for contempt because of his failure to comply with the terms of a judgment formerly rendered in the superior court, requiring him to pay the petitioner stated sums as temporary alimony. Upon the hearing of this petition, after the introduction of evidence by petitioner and the respondent, the court adjudged the defendant in contempt and issued an order directing the sheriff to confine him in jail in case he further failed to pay the alimony in accordance with the terms of the court's judgment. The defendant excepts to this order, and says the court was without jurisdiction to pass the same, and that it was unauthorized by the evidence in the case; that he had never been served with a copy of the petition in the suit upon which the judgment for alimony was based; and that the judgment for alimony was rendered without his knowledge or consent, and that if the attorney of record consented to the same he was unauthorized to do so.

1. It appears from the record that a short time after the marriage of the parties to this case they separated, and the wife brought a petition for alimony. While this was pending there was a reconciliation, and the husband and wife resumed cohabitation. They again separated, and the suit for alimony formerly instituted was prosecuted and resulted in the judgment referred to in the foregoing statement of facts. The plaintiff in error in his pleadings avers that he had never been served with the suit for alimony and had no knowledge of it; but his attorney appeared for him, and this judgment was entered. It is insisted by plaintiff in error that even if there was a suit for alimony, it had been dismissed. But the record does not show that an order dismissing the suit had ever been taken. Plaintiff in error, however, contends further that if there was no order taken dismissing the suit for alimony, it was automatically dismissed by the cohabitation of the parties after the institution of the suit; and that though the

parties separated again, the former suit was functus officio and could no longer be prosecuted.

It may be true that when the reconciliation between husband and wife took place and cohabitation was resumed the husband would have been entitled, as a matter of course, to have the proceedings for alimony then pending against him dismissed and the case stricken from the docket. But this was not done; and when the second separation took place between the parties and the petitioner pressed the suit to a judgment, such judgment was binding upon the defendant. . The defendant claimed that he was not served with the petition and had no notice of the pendency of the same. There is evidence in the record authorizing the court to find against this contention. No traverse of the official return in the case appears in the record, and the attorney for the defendant appeared. There is evidence in this record showing that the husband afterwards recognized the right of the counsel appearing for him to represent him. Consequently the court did not err in entertaining the suit and entering the judgment therein.

2. The order adjudging the defendant in contempt recites that he then owed his wife, under the judgment for alimony, the sum of $50, and that he should pay $10 per week as future alimony, payable on the last day of each week; and further directed, that, unless said sum should be paid within five days from the date of it, the defendant be taken in custody by the sheriff of the county and confined in the common jail till the amounts due under the judgment in the case should be paid, including the sum of $10 per week which should accrue. It does not appear under the evidence that the court abused his discretion in ordering the payment of this amount, or in refusing to reduce the amount allowed as alimony. The ability of the respondent to pay the amount allowed was a matter resting in the discretion of the court under the evidence. In the brief of counsel for the plaintiff in error it is urged that this order was illegal, because it left to the sheriff the determination of the duration of the jail sentence. This ground of exception, however, is not taken in in the bill of exceptions, and for that reason it is not decided whether this is a valid ground of exception to the judgment or not.

*Judgment affirmed. All the Justices concur.*