### WALLACE *v.* WALLACE.

ATKINSON, J. 1. When husband and wife are living separately, or are bona fide in a state of separation, *and there is no action for divorce pending,* the wife may in behalf of herself and her minor children, if any, or either, institute a proceeding before the judge, under the provisions of the statute (Civil Code (1910), § 2986), to compel the husband to make provision for support as permanent alimony; but such proceeding shall be in abeyance when a libel for divorce shall be filed bona fide

57

by either party.  *Held*, that a suit for permanent alimony could not be instituted under the code section just cited, in the county of the husband's residence, after the filing of a petition for divorce by the husband against the wife in a different county in which the latter resided, it appearing that the petition for divorce had been duly served upon the wife, and that the suit for divorce was pending at the time the wife instituted her proceeding before the judge for permanent alimony.

2. As a general rule temporary alimony may be granted on the basis of an action for divorce at the instance of either party, or on the basis of a suit by the wife for permanent alimony alone where the parties are living in a bona fide state of separation (Civil Code (1910), § 2976); but where the claim for temporary alimony is predicated on a claim for permanent alimony alone, and on the trial it appears that at the time of the suit for alimony was instituted there was a pending suit for divorce in another county, as indicated in the preceding headnote, it is erroneous to grant temporary alimony for the support of the wife and attorney's fees for prosecuting the suit for alimony.  The case differs on its facts from *Hughes* v. *Hughes*, 133 *Ga.* 187 (65 S. E. 404), and *Banks* v. *Banks*, 149 *Ga.* 517 (101 S. E. 114).

3. The judgment granting the plaintiff temporary alimony and attorney's fees was erroneous.

*Judgment reversed.  All the Justices concur.*

No. 4110.  APRIL 17, 1924.

Temporary alimony.  Before Judge J. B. Jones.  Hall superior court.  November 17, 1923.

John G. Wallace, a resident of Hall County, instituted a suit for divorce against Mrs. Jewell Wood Wallace in Dawson County. After service of the petition and process and while the action for divorce was pending, the defendant instituted a separate action in Hall County, for permanent and temporary alimony and attorney's fees, on the ground that the parties were living in a bona fide state of separation.  At an interlocutory hearing the judge granted an order requiring the defendant to pay to plaintiff "the sum of eight dollars per month, beginning on December 1st, 1923, and also pay to E. D. Kenyon as attorney for plaintiff the sum of twenty-five dollars for representing plaintiff, said sum to be paid to said attorney in three monthly installments, beginning December 1st, 1923. Further ordered that defendant pay the costs of this proceeding." To this judgment the plaintiff excepted.

*B. P. Gaillard Jr.*, for plaintiff in error.

*E. D. Kenyon*, contra.