## CAGLE *v.* CAGLE.

No. 13849.   OCTOBER 16, 1941.

*Frank B. Stow,* for plaintiff in error.   *W. P. Martin,* contra.

REID, Chief Justice.   Cordia Bowan Cagle alleged, in her petition for divorce, that she married the defendant on November 7, 1920, and that they separated on or about May 31, 1936, "and have been living in a bona fide state of separation ever since said date;" that "the defendant has failed to provide clothing and food for . . petitioner, or all or any one of the . . children;" that she "has had to furnish a home, pay the rent, the fuel, the upkeep and the clothes, and provide for the children for the past six years;" and "that the defendant would not work to help support his wife and children; and this desertion has continued for a period of more than six years." This petition was filed on October 15, 1940. In an amendment she alleged, that the defendant owned a six-room house in Pontiac, Michigan, and that they owned together a home near Alto Sanitarium; that she "received the rent from this home near Alto Sanitarium up to the time that she filed the suit for divorce, and since that time the defendant has even denied" her "any portion of the rents from this home;" that "the defendant told" her "this past week that he has a job in Pontiac, Michigan, that pays him as much as $12.50 per day." A general demurrer was overruled, and the exception is to this judgment.

Our Code, § 30-102(7), provides for the granting of a total divorce for the "wilful and continued desertion by either of the

parties for the term of three years." This means "the voluntary separation of one of the married parties from the other, or the voluntary refusal to renew a suspended cohabitation, without justification either in the consent or the wrongful conduct of the other. . . Its affirmative natural elements are two—the cohabitation ended, and the offending party's intent to desert. The statute creates a third affirmative element—the lapse of a definite period of time. Negatively, it must be without legal justification, and without a breach of the continuity which the statute renders essential." 1 Bishop on Marriage, Divorce, and Separation, 690, §§ 1662, 1663; 2 Schouler on Marriage, Divorce, etc., § 1614. See generally, on the subject: *Kendrick* v. *Kendrick*, 173 *Ga.* 434 (160 S. E. 502) ; *Perkerson* v. *Perkerson*, 157 *Ga.* 589 (122 S. E. 53) ; *Pinnebad* v. *Pinnebad*, 134 *Ga.* 496 (68 S. E. 73) ; *Rorie* v. *Rorie*, 132 *Ga.* 719 (64 S. E. 1070). Can these essential elements of a desertion be gathered from the plaintiff's petition? We think not. At best, she simply alleges that she and the defendant separated approximately four years before the institution of the present suit, and that the defendant has not supported her and the children during that time and for two years before the separation. This is not sufficient. The circumstances of the separation are not disclosed. It may well be that the separation was upon a voluntary agreement of the parties, or at the request and with the express consent of the plaintiff. These facts would be perfectly consistent with those set out in the petition. In such case no case of desertion on the part of the husband would exist. Code, § 30-109; *McCord* v. *McCord*, 140 *Ga.* 170, 176 (78 S. E. 833) ; *Word* v. *Word*, 29 *Ga.* 281; *Phinizy* v. *Phinizy*, 154 *Ga.* 199, 212 (114 S. E. 185) ; *Williams* v. *Williams*, 145 *Ga.* 799 (89 S. E. 836) ; 1 Bishop on Marriage, Divorce, etc., §§ 1693, 1694. The plaintiff seems, in fact, to have predicated her case on the erroneous conception that a husband's failure or refusal to support his family constitutes a desertion. It is alleged that "the defendant would not work to help support his wife," and then that "*this desertion* has continued for more than *6 years.*" Thus, not only does the plaintiff refer to the defendant's refusal to work to help support his family as a desertion, but says that "this desertion" has continued for six years, which is two years before the time it is alleged the parties separated. If the defendant left the plaintiff without good cause, with the intention of deserting

her, or if she was forced to leave him because of such conduct on his part as would justify her separation in the eyes of the law, it should have been so alleged, and so much not left to conjecture. The judge erred in overruling the demurrer.

*Judgment reversed.* *All the Justices concur.*

ATKINSON, P. J., concurs especially.