ALLEN *v.* ALLEN.

No. 14194.   September 21, 1942.   Rehearing denied October 14, 1942.

*R. B. Pullen* and *Noah J. Stone,* for plaintiff in error.

*Houston White* and *Augustus M. Roan,* contra.

Jenkins, Justice.   1.   Under the unambiguous terms of the Code, § 30-213, a proceeding by a wife living separate from her husband, for alimony alone, "shall be in abeyance when a petition for divorce shall be filed bona fide by either party, and the judge . . shall have made his order on the motion for alimony, and when so made, such order shall be a substitute for [any previous] decree in equity, as long as said petition shall be pending and not finally disposed of on the merits." See *Evans* v. *Evans,* 191 *Ga.* 752 (14 S. E. 2d, 95) ; *Higgs* v. *Higgs,* 144 *Ga.* 20 (2-a) (85 S. E. 1041).   Where, on a petition for alimony alone, the court entered an order allowing temporary alimony "until further order," and attorney's fees for services in that proceeding, the court was not precluded, on a subsequent petition by the wife for a divorce, temporary and permanent alimony, and attorney's fees, from making a new allowance of temporary alimony and an attorney's fee in the divorce suit, "in lieu of all payments now being made by the defendant to the plaintiff," since an order allowing temporary alimony is "subject to revision by the court at any time" (Code, § 30-204), and the previous order also expressly reserved that right; and since the right to pass the subsequent order in the divorce case was also accorded by § 30-213.   Such second order was not erroneous in failing to expressly provide for the abatement of the former alimony suit, since the terms of the statute itself rendered the former proceeding "in abeyance."   Nor was the defendant subjected to the danger of a double allowance, since the second order provided that payments thereunder should be "in lieu of any and all payments now being made" under the former order.   The court did not err in failing, on motion, to consolidate the suit for alimony alone with the suit for divorce and alimony, since the purposes and questions involved in the two suits were different, and since the alimony statute (§ 30-213) provides that the pendency

and order for alimony in the second suit shall render the first suit for alimony alone in abeyance.

2. As to the allowances of temporary alimony and an attorney's fee to the wife in her suit for divorce and alimony, the only exception is to the grant of the fee. Since, under the preceding rulings, such an allowance was proper, and there is no attack upon it as excessive or otherwise illegal, the judge did not err in making the allowance covering services in the present suit. See Code, § 30-202; *Thomas* v. *Smith,* 185 *Ga.* 243 (194 S. E. 502), and cit.; *Sweat* v. *Sweat,* 123 *Ga.* 801, 802 (51 S. E. 716); *Chapman* v. *Chapman,* 162 *Ga.* 358 (133 S. E. 875); *Ogletree* v. *Ogletree,* 169 *Ga.* 366 (3) (150 S. E. 167).

3. A petition for divorce may contain grounds both of cruel treatment and of desertion, without asserting inconsistent rights or remedies, or putting the plaintiff to an election between such grounds. *Zachary* v. *Zachary,* 141 *Ga.* 404 (81 S. E. 120); *Phinizy* v. *Phinizy,* 154 *Ga.* 199 (1-*a, d*) (114 S. E. 185); *Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (125 S. E. 856).

4. While desertion as a ground for divorce must not only have continued for three years, but must have been "wilful" (Code, § 30-102 (7)), and therefore a separation based merely on a voluntary agreement by both parties that they shall live apart will not constitute the necessary element of wilfulness as to a desertion by either party (*Cagle* v. *Cagle,* 193 *Ga.* 34, 17 S. E. 2d, 75; *Phinizy* v. *Phinizy,* supra, and cit.), the instant petition by the wife for a divorce on the grounds of desertion and cruel treatment was not subject to demurrer as to the ground of desertion, in that it showed any voluntary separation on the part of the wife, either begun or continued by her consent. On the contrary, the averments showed that the separation began because of the husband's abandonment after alleged acts of cruel treatment on his part. Allegations that during the separation he paid certain bills of the wife and made contributions to her support, in accordance with his legal duty, and that she accepted or permitted such payments, would not show any agreement or consent on her part to the separation, such as would defeat her action on the ground of desertion.

5. Nor was the petition subject to demurrer, as to the ground of cruel treatment, in that it showed condonation by the wife of the alleged acts by continuing to live thereafter with the husband.

This is true since one act of passion or ill conduct might not in itself suffice to constitute cruel treatment by "nagging" or other course of conduct injuriously affecting or endangering nerves and health (*Alford* v. *Alford,* 189 *Ga.* 630 (2), 632, 7 S. E. 2d, 278, and cit.) ; and since, even if living with the guilty party after one such act could under the particular circumstances amount to a condonation, a repetition would revive previous grounds (*Odom* v. *Odom,* 36 *Ga.* 286 (5); *Davis* v. *Davis,* 134 *Ga.* 804 (1-a), 68 S. E. 594; 30 L. R. A. (N. S.) 73, 20 Ann. Cas. 20); *Wood* v. *Wood,* 179 *Ga.* 635 (2), 176 S. E. 483); and since it was further alleged that after previous acts of cruel treatment the husband at the time he left the wife committed an act of cruel treatment "by damning" and cursing her with like language, leaving her in an unfit place to live, "in an ill state of mind and body," and telling her that he "would live with [her] no longer," was "through with [her] forever," and "did not want to be anywhere around her."

6. Certain special demurrers to the petition were sustained. In so far as other special demurrers attacked parts of the petition as irrelevant and immaterial, and sought to require amendment of other parts as conclusions or as failing to set forth facts with sufficient detail, there is no merit in these overruled grounds. The averment as to the existence of an adult married daughter of the parties, while only slightly germane, has some relevancy on the question of alimony, when taken with the averment that the daughter "has not been dependent on the defendant since 1922, and defendant has had no other dependents since said time."

*Judgment affirmed. All the Justices concur.*