### BARNUM *v.* BARNUM.

CANDLER, Justice. Mrs. Claire Barnum brought a proceeding for contempt against W. B. Barnum, her former husband, in the Superior Court of Lowndes County. She alleged that he had refused to comply with some of the provisions of a decree for permanent alimony as rendered in that court. The respondent denied that he was in contempt and alleged that he had fully complied with the decree. He further alleged by way of cross-action that the contempt proceeding was not instituted in good faith, but was a plan and scheme on the part of the plaintiff and her friend, Ted Hughes, to annoy, embarrass, and persecute him, and in support of that contention he alleged many acts of violence which the plaintiff and Hughes had committed upon him. He prayed for a rule nisi requiring Hughes to show cause why he should not be made a party to the proceeding; that the plaintiff and Hughes be restrained and enjoined from molesting and annoying him; and that he be not adjudged in contempt. Demurrers were interposed to the respondent's answer; and upon the ground that they were not germane to a contempt proceeding, a motion was made to strike from the answer all of the allegations upon which he based his prayer for injunctive relief. The court declined to make Hughes a party to the proceeding, but did not otherwise pass on the demurrers. The case was then heard on an agreed statement of facts, and the court refused to adjudge the respondent in contempt, but restrained and enjoined both the plaintiff and the respondent from molesting, harassing, or interfering with the other. The plaintiff excepted to that judgment. *Held:*

1. From the agreed statement of facts the trial judge was authorized to find that the respondent had fully complied with the decree for permanent alimony, and consequently was not in contempt.

2. Whether or not injunctive relief of any character may be granted in a proceeding for contempt because of an alleged violation of a decree for permanent alimony, it was nevertheless error to do so in this case, since no proof whatsoever was offered in support of the allegations upon which the respondent based his prayer therefor.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*

No. 16623. MAY 11, 1949. REHEARING DENIED JUNE 16, 1949.

*Franklin, Eberhardt & Barham,* for plaintiff.

*Copeland & Dukes,* for defendant.