WRIGHT *v.* WRIGHT *et al.*

No. 16696.   July 11, 1949.

*Wright, Rogers, Magruder & Hoyt,* for plaintiff.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The defendant demurred on the ground that the facts set forth in the amended petition do not constitute any cause of action, legal or equitable, and are insufficient in law as a basis for any of the relief prayed for.

The Code, § 30-217, declares: "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony. The rights of children under any deed of separation or voluntary provision or decree for alimony shall not be affected thereby." However, under the allegations of the present petition, there was more than voluntary cohabitation of the husband and wife. The whole family was reestablished in normal family relationship. The husband and wife went back together, the children went back in the home, the mother-and-father relationship was resumed as to them, and all relationships were restored just as they were before the separation on account of which the alimony judgment was rendered. As appears from the petition, the present home life is in all respects the same as the original home life. Although no specific amount is stated as having been supplied as support since assumption of the family relation, the petition alleged that the husband was not indebted to the wife, either as an individual or as a guardian, in any sum whatever, and contained a prayer for a declaratory judgment and an accounting. The purpose of the alimony judgment was to insure the support of the children, and as long as the husband actually furnishes such support he should at least be credited with whatever money is actually paid therefor. See in this connection *Barnum* v. *Barnum,* 205 *Ga.* 448 (1) (53 S. E. 2d, 685). Considering the petition as a whole, it stated a cause of action for de-

claratory judgment and an accounting, and the trial court erred in sustaining the general demurrer and in dismissing the action. See 27 C. J. S. 1253, § 323, (c).

In the present case the petitioner does not pray that the alimony judgment be declared satisfied, and the question is left open as to whether or not the resumed family relationship of the husband and wife and their children has the effect of satisfying the judgment.

A different ruling is not required by the decision in *Varble* v. *Hughes,* 205 *Ga.* 29 (52 S. E. 2d, 303), where under different facts this court held in effect that neither the parents, nor the trial judge with their consent, can by subsequent agreement nullify or modify the final decree so as to deprive the children of the alimony granted by the verdict and decree.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents. Wyatt and Candler, JJ., concur specially.*

WYATT and CANDLER, JJ., concurring specially. We concur in the result but are of the opinion that this is not a proper case for the application of the declaratory-judgment law, for the reason that the plaintiff has an adequate remedy without regard to the declaratory-judgment law.