## 18385. BROWN *v.* BROWN.

ARGUED OCTOBER 13, 1953—DECIDED NOVEMBER 12, 1953.

234

*Virginia Webb, W. Stanford Willis*, for plaintiff in error.
*Ernest C. Britton, Paul Blanchard*, contra.

HAWKINS, Justice. (After stating the foregoing facts.) In this case a previous verdict and decree for permanent alimony

to the wife and minor child was granted in an alimony proceeding where no divorce was involved. The question presented for decision by the record before us is whether subsequent cohabitation by the husband and wife ipso facto annuls and sets aside the previous decree for alimony, or whether it remains of full force and effect and is res judicata as to the right of the wife to recover temporary alimony and attorney's fees for herself and minor child in a divorce and alimony proceeding instituted by her following a later separation, until the former decree for permanent alimony has been vacated and set aside by a direct proceeding brought for that purpose in the court where the prior verdict and decree were rendered.

Counsel for neither of the parties has cited any decision of this court, and we have been unable to find one, decisive of the precise question here presented. In *Weeks* v. *Weeks*, 160 *Ga.* 369, 372 (127 S. E. 772), and in *Wright* v. *Wright*, 205 *Ga.* 524, 528 (54 S. E. 2d 596), this court declined to pass upon the question, since it was not there directly involved.

Code § 30-217 provides: "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony. The rights of children under any deed of separation or voluntary provision or decree for alimony shall not be affected thereby." Counsel for the defendant husband contend that the question here presented is controlled by the ruling of this court in *Henderson* v. *Henderson*, 170 *Ga.* 457 (153 S. E. 182). In the opinion in that case, at page 459, after quoting the above Code section, it is said: "It thus appears that, though the rights of children are not affected, voluntary cohabitation of the husband and wife subsequently to the award of alimony annuls and sets aside all provision made. The law upon the subject is very plain, but there must be an adjudication in order to determine whether there has been the voluntary cohabitation referred to in the Code which works annulment of a pre-existing adjudication awarding alimony or a provision for alimony by deed." And on page 460 we find the following language: "But this case is one where there has been a verdict for permanent alimony and a decree based upon that verdict, and this can not be set aside except by a proceeding for that purpose in the court in which the decree

was rendered." Taking this language out of its context, and without regard to the question for decision in that case, it would seem to support the contention of counsel for the defendant, but, when considered in its context and in the light of the facts of that case, it is not authority for the position taken by them that a previous decree awarding permanent alimony to the wife is res judicata as to her right to recover temporary and permanent alimony and attorney's fees in an action instituted by her upon their separation subsequently to the resumption of the marital status and their voluntary cohabitation following the previous decree. The only question for decision in the *Henderson* case, supra, as pointed out therein, was whether a husband against whom a decree for alimony has been rendered, and who has subsequently resumed cohabitation with his wife, and desires to have the previous verdict and decree for alimony set aside as a matter of record, and brings a proceeding for that purpose, shall proceed by a motion to be heard by the judge, or by a petition addressed to the court of the county where the verdict and decree were rendered. It was there held, on demurrer, that the petition brought in the court where the verdict and decree were rendered, was a proper remedy, and not a mere motion addressed to the judge thereof, and this was the only question for decision by this court in that case.

Where, as in this case, it is stipulated that the husband and wife had voluntarily resumed cohabitation subsequent to the rendition of the previous verdict and decree for permanent alimony, there is no issue to be adjudicated on that question, and under Code § 30-217, subsequent voluntary cohabitation between the husband and wife ipso facto annuls and sets aside all provision made for permanent alimony for the wife; and it is not necessary that a direct proceeding be brought for that purpose before the wife may proceed to recover temporary and permanent alimony and attorney's fees in a divorce proceeding instituted following a separation subsequently to such voluntary cohabitation. The subsequent voluntary cohabitation of the husband and wife ipso facto annuls, sets aside, and renders void the previous decree for alimony for the wife, and no judgment of a court to that effect is necessary. While this question has not heretofore been directly passed upon, we think that it is con-

trolled in principle by the decision of this court in *Powell* v. *Powell*, 196 *Ga.* 694 (2) (27 S. E. 2d 393), wherein it is held: "A separation agreement between husband and wife, under which the wife accepts a certain sum of money, paid by the husband concurrently with the execution of the agreement, in settlement of all claims against the husband for temporary and permanent alimony, counsel fees, dower, and year's support, becomes null and void and is set aside as to the husband's liability to support and maintain the wife upon their subsequent voluntary cohabitation.

"(a) In such a case the contract of settlement would not bar a wife's right to temporary and permanent alimony and counsel fees upon their separation subsequently to the resumption of the marital status.

"(b) Nor would it be necessary as a prerequisite for the wife to restore or account to the husband for the unused portion of the money remaining in her hands, if any, which she had received under the contract of settlement, before applying to the court for alimony upon a separation subsequently to the resumption of the marital status; but the court should take into consideration, as in all such cases, the wife's separate estate, if any, in fixing the amount of alimony."

In *Mosely* v. *Mosely*, 181 *Ga.* 543 (1) (182 S. E. 849), it is said: "Subesquent voluntary cohabitation will render void a judgment for temporary alimony and attorney's fees for representing the wife in the alimony proceedings"; and in *Hamby* v. *Pye*, 195 *Ga.* 366 (2) (24 S. E. 2d 201), it is held: "It necessarily follows that such cohabitation will annul the decree, not only as to the sum allowed in terms as alimony, but also as to the attorney's fees. In this respect there is no difference between permanent and temporary alimony and incidental allowance of attorney's fees." See also *Smith* v. *Smith*, 187 *Ga.* 743 (2 S. E. 2d 417); *Moss* v. *Moss*, 200 *Ga.* 8 (36 S. E. 2d 431); *Levine* v. *Levine*, 204 *Ga.* 313, 317 (2) (49 S. E. 2d 814, 4 A.L.R. 2d 1205).

From what has been said it follows that the trial court erred in holding that the previous verdict and decree for permanent alimony to the wife are of full force and effect, and are res judicata as to the wife's right to recover temporary and permanent

alimony and attorney's fees; but did not err in so holding as to the prayer for alimony for the support of the minor child, for under Code § 30-217 and the ruling made in *Clary* v. *Thornton*, 177 *Ga.* 833 (1) (171 S. E. 704), the rights of children to a decree for alimony are not affected by subsequent voluntary cohabitation of the husband and wife. See also *Glaze* v. *Strength*, 186 *Ga.* 613 (198 S. E. 721); *Smith* v. *Smith*, 187 *Ga.* 743 (2 S. E. 2d 417); *Varble* v. *Hughes*, 205 *Ga.* 29 (52 S. E. 2d 303); *Wright* v. *Wright*, 205 *Ga.* 524 (54 S. E. 2d 596).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Duckworth, C. J., not participating.*