## 24361. WARD v. WARD.

ARGUED NOVEMBER 14, 1967—DECIDED JANUARY 5, 1968.

*M. K. Pentecost, Jr.,* for appellant.

*Edward D. Wheeler,* for appellee.

MOBLEY, Justice. Mrs. Mary Aline Braswell Ward brought a petition for temporary and permanent alimony for herself and minor child against Barry W. Ward in Fulton Superior Court.

She alleged that she is a resident of DeKalb County, and that the defendant "alleges himself to be a resident of the State of Alabama, but is now sojourning in Fulton County, Georgia, and when served personally with this petition, will be subject to the jurisdiction of this court." The petition was personally served on the defendant in Fulton County. His general demurrers and plea in abatement were overruled and denied, and the appeal is from these judgments.

■ The appellant contends that the overruling of his general demurrers was error because the petition showed that the Superior Court of Fulton County was without jurisdiction of the cause of action. It is asserted that the allegations of the petition, when construed most strongly against the pleader, aver that the appellant is a nonresident of the State of Georgia, and we agree with this assertion. The appellant contends that the jurisdictional rules as to divorce apply to actions for permanent alimony where no divorce is prayed, and asserts that an action for alimony by a resident of DeKalb County against a nonresident must be brought in the county of her residence.

The Constitution, Art. VI, Sec. XIV, Par. I (*Code Ann.* § 2-4901) fixes the venue of divorce actions. This constitutional provision refers only to "divorce cases" with no mention of alimony matters. In *Watts v. Watts,* 130 Ga. 683, 684 (61 SE 593), it was held: "On account of the peculiar interest of the public in the preservation of domestic relations, provisions have been made by the constitution of this State, and by legislative enactment, which take divorce suits out of the rules that govern other actions, and place restrictions around them indicating a policy to hinder facility in the procurement of divorces. . . In fixing the venue for the trial of divorce suits, they were put in a class separate and distinct from all other suits, . . ."

While the interest of society is generally opposed to the grant of divorce, it is vitally concerned that provision be made by the husband for the support of his wife and minor child living apart from him. In *Campbell v. Campbell,* 67 Ga. 423 (1), it was held: "Where a husband arriving in Savannah, in this state, abandons his wife, a bill by her for alimony will lie against him if found and served in the county of Chatham, and the

chancellor, thus having jurisdiction of the case for permanent alimony, may grant temporary alimony as in cases of petitions for divorce." In the body of the opinion (at page 428) it was said: "Nor do we mean here to decide that the jurisdiction would attach in an application for divorce. There the policy of the law might be different, as the law itself may be. But policy as well as law is clear to the extent of showing jurisdiction for alimony¹ in case of abandonment of a wife by her husband within this state, when he is a citizen of another." Counsel for the appellant attempts to distinguish the *Campbell* case from the present case because the statement of fact recited that: "After being deserted, she determined to reside in Savannah." The jurisdiction of the *Campbell* case was plainly not based on the residence of the wife, since it was held (at page 426): "Thus she was left and compelled to make Savannah her temporary home, and as her husband was not a citizen of Georgia, resident in any county of this State, no court in this State had jurisdiction to hear and determine any cause by anybody against him, unless the defendant could be caught and served therein. But as he was a nonresident, traveling through the state, any court of any county therein which could serve its process on him acquired jurisdiction of his person."

"The jurisdiction of this State and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary sojourners." *Code* § 15-202; *Murphy v. John S. Winter & Co.*, 18 Ga. 690 (1). The action for temporary and permanent alimony filed by the appellee in Fulton County was not subject to general demurrer for lack of jurisdiction in the court.

■ The plea in abatement was based on the ground that a divorce action by the appellant against the appellee was pending in the State of Alabama at the time the petition for temporary and permanent alimony was filed by the appellee in Fulton Superior Court. Authenticated copies of the proceedings in Alabama were introduced in evidence, without objection, on the hearing on the plea in abatement. These copies showed that prior to the filing of the petition for alimony in Fulton Superior Court the appellant had filed a petition for divorce

against the appellee in the Circuit Court of the Tenth Judicial Circuit of Alabama, which was served by publication. The appellee filed a plea in abatment in the circuit court asserting that the Alabama court did not have jurisdiction because the appellant had not been a resident of Alabama for a period of one year preceding the filing of his complaint. This plea was denied by the Alabama court.

The appellee's action in Fulton Superior Court was brought under *Code* § 30-213, which provides: "When husband and wife shall be living separate, or shall be bona fide in a state of separation, *and there shall be no action for divorce pending,* the wife .may, in behalf of herself and her minor children, if any, or either, institute a proceeding by petition setting forth fully her case; etc." (Emphasis supplied.) It was clearly the legislative intention that questions of alimony shall be determined in a .divorce action, if one is pending; and that an application for permanent alimony under this section can be filed only in those instances where no divorce action is pending. The question for determination in the present case is whether the "action for divorce" referred to in this section means an action in the courts of this state, or any action for divorce pending in this or any other state.

The appellant cites *Wallace v. Wallace,* 157 Ga. 897 (122 SE 594), in which it was held that the wife could not institute an action for temporary and permanent alimony against her husband in Hall County, the county of his residence, while he had a pending action for divorce against her in Dawson County, the county of her residence. The *Wallace* case does not determine the question in the present case, since both actions in that case were instituted in the courts of this state.

An action for permanent alimony under *Code* § 30-213 and an action for divorce have different purposes and questions (*Allen v. Allen,* 194 Ga. 591 (22 SE2d 136)), but both grow out of the marriage relationship, and relate to the same subject matter. *Code* § 3-602 indicates the general policy of this state in regard to actions pending simultaneously in this state and other states, which is: "The pendency of a prior suit in another State shall not abate a suit between the same parties for the same cause in

this State." See *Chattanooga, Rome & Columbus R. Co. v. Jackson,* 86 Ga. 676 (13 SE 109); *Ambursen Hydraulic Construction Co. v. Northern Contracting Co.,* 140 Ga. 1 (78 SE 340, 47 LRA (NS) 684). Construing the language of *Code* § 30-213 in the light of the general policy of the state as to actions pending in this and other states, we conclude that the intention of the legislature was to deny the maintenance of alimony actions under *Code* § 30-213 where a divorce action is pending in this state, but not to deny the right to maintain such action where a divorce action is pending in another state.

We call attention to the fact that under our present law even a *judgment* of divorce in favor of a husband in a court of another state, where the wife was not personally served and did not waive service, or appear and plead to the merits, does not defeat her claim for alimony in this state. Ga. L. 1965, p. 263 (*Code Ann.* § 30-226); *Daniel v. Daniel,* 222 Ga. 861 (152 SE2d 873).

The trial judge did not err in denying the plea in abatement.

*Judgments affirmed. All the Justices concur.*