468

26796, 26797. EMBRY v. EMBRY; and vice versa.

SUBMITTED OCTOBER 13, 1971—DECIDED NOVEMBER 18, 1971—
REHEARING DENIED DECEMBER 17, 1971.

*J. Robin Harris, Claude E. Hambrick,* for appellant.

*Westmoreland, Hall & Bryan, John L. Westmoreland, Sr.,
P. Joseph McGee,* for appellee.

MOBLEY, Presiding Justice. These appeals are from orders entered in a divorce action. The husband appeals from an order granting the wife temporary alimony during the pendency of a motion for new trial by her on the issue of permanent alimony. The wife appeals from an order holding a previous temporary alimony award void.

The action for divorce was originated by the husband, and the wife filed a cross complaint for divorce, and temporary and permanent alimony. The judge granted temporary alimony in the sum of $1,250 per month. Thereafter the parties had a conditional reconciliation and resumed cohabitation, but approximately a month later again separated. Both parties filed amendments to their complaints alleging these facts, and the case proceeded to trial. A divorce was granted to the wife, and the jury found a monthly sum of $1,500, and other items, as permanent alimony. The wife filed a motion for new trial on the issue of alimony only.

During the pendency of the motion for new trial, the wife filed a motion to hold the husband in contempt for failure to make the last payment due of temporary alimony. The trial judge refused to hold the husband in contempt, ruling

that the award of temporary alimony was void and unenforceable because of the conditional reconciliation and voluntary cohabitation of the parties after the entry of the alimony award.

On the same date that the temporary alimony award was held to be void, the wife filed a motion for the grant of temporary alimony until the case is finally concluded. The trial judge awarded temporary alimony of $1,500 per month pending review of the matter in the appellate court.

1. It is the general rule that a decree for temporary alimony is rendered void by the subsequent voluntary cohabitation of the parties. *Weeks v. Weeks,* 160 Ga. 369 (1) (127 SE 772); *Mosely v. Mosely,* 181 Ga. 543 (1) (182 SE 849); *Thomas v. Smith,* 185 Ga. 243, 244 (194 SE 502); *Williams v. Williams,* 194 Ga. 332 (21 SE2d 229); *Hamby v. Pye,* 195 Ga. 366 (1) (24 SE2d 201); *Brown v. Brown,* 210 Ga. 233 (1) (78 SE2d 516).

The facts in the above cited cases are distinguishable from those in the present case. This case is controlled in principle by *Fountain v. Fountain,* 150 Ga. 742 (105 SE 294), in which a temporary alimony judgment was enforced, where after the award was entered the parties reconciled, cohabitated, and again separated, and the same case proceeded to judgment for permanent alimony. The issue was made in the *Fountain* case, as in the present case, that the voluntary cohabitation voided the temporary alimony judgment.

In the present case the divorce action was not dismissed after the conditional reconciliation and cohabitation of the parties. When the conditional reconciliation ended in another separation both parties filed amendments in the divorce action and it proceeded to judgment.

Under these facts, the temporary alimony judgment was enforceable, and the trial judge erred in holding that it was void, and refusing to find the husband in contempt.

2. Since the trial judge erred in holding the first alimony award void, he had no authority to enter a new order for temporary alimony. It is thus unnecessary to consider the

questions made as to the validity of that order.

*Judgments reversed. All the Justices concur.*