### 26873. WALKER v. WALKER.

HAWES, Justice. 1. Where, to a pending suit for a divorce filed by the husband, the wife files an answer and cross action seeking a divorce, temporary and permanent custody of the child of the parties, and temporary and permanent alimony for herself and for the support of the child and for the support of an as yet unborn child of the parties, the provisions of the Civil Practice Act with respect to process and service are applicable to such cross action. Under § 5 (b) of that Act (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229; *Code Ann.* § 81A-105 (b)), service upon the attorney of record representing the plaintiff, in the manner provided in that Act, is sufficient service of the answer and cross action. The provisions of *Code* § 30-213, insofar as they require personal service upon the husband in a suit for alimony brought by the wife apply only to those cases where no divorce action is pending at the time such suit for alimony is filed and

where an original suit for alimony and separate maintenance is brought by the wife against the husband while the parties are living separate and apart. The rulings in the cases of *Baldwin v. Baldwin,* 116 Ga. 471 (42 SE 727), and *Stallings v. Stallings,* 127 Ga. 464 (8) (56 SE 469, 9 LRA (NS) 593), relied upon by the appellant-husband, relate to cases where an original suit for alimony was filed by the wife and where no divorce case was pending at the time such suit was filed. They do not require a different conclusion.

2. *Code* § 24-2714 (3) imposes upon the clerks of the superior court the duty of issuing and signing "under authority of the court, any order to show cause in any pending litigation on behalf of any party thereto, and likewise any other order in the nature of a rule nisi, where no injunctive or extraordinary relief is granted." So, where the defendant wife filed, in a pending divorce case, a cross action seeking temporary and permanent alimony and temporary and permanent custody of the children of the parties, the rule nisi issued thereon was legally sufficient where it commanded the plaintiff to show cause before the judge of the superior court of the circuit wherein the case was pending, at a date and hour certain, "why the temporary reliefs sought should not be granted as prayed," and bore the words, "Witness the Honorable Judge Superior Court, Lookout Mountain Judicial Circuit," and was dated and signed by the clerk of the superior court of the county wherein the case was pending but was not signed by the judge. Such order was prima facie issued "under authority of the court," and was a sufficient compliance with the requirements of the law. There is no requirement that a rule nisi, issued in a case where no injunction or extraordinary relief is granted, be signed by the judge. There can be no objection to this procedure on the basis that the judge would have no record of the action or knowledge as to when the clerk set the matter for a hearing, since it will be presumed that the clerk in issuing the order requiring the plaintiff

to appear before the trial judge has done so pursuant to consultation with the judge as to the date and time when he can hear the matter.

3. The trial court did not err in assuming jurisdiction of the cross action filed in the case and in entering an order granting the temporary relief sought.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 13, 1971—DECIDED FEBRUARY 11, 1972.

*Wade Leonard,* for appellant.
*John W. Love, Jr.,* for appellee.